Gary BODIFORD, M.D. *v.* Ronald Keith BESS

97-462                                    956 S.W.2d 861

Supreme Court of Arkansas
Opinion delivered December 11, 1997

*Davis, Cox & Wright,* by: *Walter B. Cox* and *Tim E. Howell,* for appellant.

No response.

W.H. "Dub" Arnold, Chief Justice. The appellant, Gary Bodiford, M.D., appeals an order dismissing, without prejudice, the medical malpractice complaint of appellee Ronald Keith Bess.

Dr. Bodiford's sole argument on appeal is that the dismissal should have been with prejudice. We agree and affirm the trial court's judgment as modified.

On June 13, 1996, Mr. Bess filed a pro se complaint against Dr. Bodiford in the Fort Smith District of the Sebastian County Circuit Court to recover damages for medical injury arising from radial keratotomies that Dr. Bodiford performed on him on or about July 23, 1993, and October 28, 1994. Particularly, Mr. Bess alleged that, during these eye surgeries, Dr. Bodiford carelessly and negligently placed the cuts too close together on his eye, resulting in diminished vision. After filing the complaint, Mr. Bess did not perfect service upon Dr. Bodiford within 120 days as required by Ark. R. Civ. P. 4(i), nor did he file a motion to extend his time to obtain service within the 120-day period as required by the rule.

Upon learning of the lawsuit informally, Dr. Bodiford filed a motion to dismiss the case with prejudice on January 2, 1997. According to Dr. Bodiford, he was entitled to a dismissal with prejudice because the malpractice alleged in the complaint occurred on or before October 28, 1994. Because Mr. Bess had not obtained service on him and had not sought an extension within 120 days after filing the complaint, Dr. Bodiford maintained that the complaint had not been legally commenced. It was Dr. Bodiford's contention that, since the complaint had not been legally commenced, Mr. Bess was not entitled to the one-year saving statute, codified at Ark. Code Ann. § 16-56-126 (1987). He asserted that the two-year statute of limitations for medical injury actions under Ark. Code Ann.§ 16-114-203 (1987), expired no later than October 28, 1996, thus barring the action. After considering Dr. Bodiford's motion, the trial court agreed to dismiss Mr. Bess's complaint, but entered an order of dismissal without prejudice.

Arkansas Civil Procedure Rule 3 provides that an action is commenced by filing a complaint with the clerk of the proper court. *Sublett v. Hipps*, 330 Ark. 58, 952 S.W.2d 140 (1997), *citing Forrest City Mach. Works, Inc. v. Lyons*, 315 Ark. 173, 866 S.W.2d 372 (1993), and *Green v. Wiggins*, 304 Ark. 484, 803

S.W.2d 536 (1991). However, effectiveness of the commencement date is dependent upon meeting the requirements of Rule 4(i), which provides in pertinent part:

> (i) Time Limit for Service: If service of the summons is not made upon a defendant within 120 days after filing of the complaint, the action shall be dismissed as to that defendant *without prejudice* upon motion or upon the court's initiative. If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause . . .

(Emphasis added.) Rule 4(i) must be read in light of other procedural rules, such as the statute of limitations. *Green v. Wiggins, supra.* For example, the "dismissal without prejudice language [in Rule 4(i)] does not apply if the plaintiff's action is otherwise barred by the running of a statute of limitations." *Id.* at 489. "The touchstone for a limitations defense to a tort action is when the cause of action was commenced." *Sublett v. Hipps, supra.*

In the *Sublett* case, Ms. Sublett filed a complaint on January 3, 1995, against two defendants to recover damages for personal injury arising from a January 8, 1992, automobile accident. She did not obtain service against one of the defendants, Mr. Berry, within 120 days after filing the complaint and failed to request an extension within that same period. Mr. Berry moved for summary judgment, claiming that the complaint was barred by the three-year statute of limitations for negligence actions under Ark. Code Ann.§ 16-56-105 (1987), since Ms. Sublett had not commenced her cause of action within the three years due to her failure to obtain service or seek an extension within 120 days of filing the complaint. The trial court granted summary judgment, and we affirmed.

█ In the present case, because the medical injury occurred on or before October 28, 1994, and service on Dr. Bodiford was not obtained and no extension sought within 120 days after Mr. Bess filed his complaint on June 13, 1996, the statute of limitations ran on his cause of action. Because the dismissal-without-prejudice language in Rule 4(i) does not apply if a plaintiff's action is otherwise barred by the running of a statute of

limitations, the trial court should have dismissed Mr. Bess's complaint with prejudice. Thus, for the foregoing reasons, we modify the trial court's judgment to reflect that the dismissal of the complaint is with prejudice.

Affirmed as modified.