IN RE: The Matter of ONE 1995 FORD SEARCHER JAMBOREE, VIN 1FDKE30G7SHA15989

CA 01-495                                         69 S.W.3d 442

Court of Appeals of Arkansas
Division II
Opinion delivered March 13, 2002

*R. Allen Waters, III,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Valerie L. Kelly,* Ass't Att'y Gen., for appellee.

JOHN F. STROUD, JR., Chief Judge. This appeal concerns the forfeiture of a 1995 Ford Searcher Jamboree owned by John

Brooks, a resident of Pennsylvania. The vehicle was seized by the Conway Police Department in 1997 following the arrest of the vehicle's driver, Michael Christopher, who was allegedly using it to transport marijuana. The Faulkner County Prosecutor's Office subsequently obtained an order forfeiting the vehicle, as Arkansas law permits when a vehicle has been used to transport a controlled substance. On appeal, Brooks contends that the forfeiture order was erroneously entered. We agree and reverse and remand, with directions to the trial court to order the immediate return of the vehicle to its owner.

The Faulkner County prosecutor began this forfeiture action in February 1997, pursuant to the uncontested forfeiture statute in effect at that time. *See* Ark. Code Ann. § 5-64-509 (Repl. 1997) (later repealed by Act 1120 of 1999). Uncontested forfeiture permitted a prosecutor to obtain forfeiture of a vehicle without resort to judicial process. However, if, within thirty days after being notified of the seizure, the vehicle's owner filed a notice of judicial referral, the owner became entitled to a judicial proceeding, pursuant to Ark. Code Ann. § 5-64-505 (Repl. 1997) (subsequently amended by Act 1120 of 1999). That statute required that judicial proceedings be "instituted promptly" to determine whether grounds for forfeiture existed.

John Brooks received a notice of uncontested forfeiture from the prosecutor's office on February 28, 1997. According to the prosecutor, Brooks did not file a timely notice of judicial referral. However, the prosecutor did not execute an order of forfeiture as he could have done under the uncontested forfeiture law; in fact, he took no further action to obtain forfeiture of the vehicle until January 26, 2000. On that day, the prosecutor sought and obtained an order from the circuit court finding that Brooks's vehicle should be forfeited. Brooks moved to set that order aside, which the court did, but the original order of forfeiture was eventually reinstated upon a finding that Brooks had not filed a notice of judicial referral. As his first point on appeal, Brooks contends that the trial court's finding in this regard was erroneous.

■■ A circuit court's findings of fact will not be set aside unless they are clearly erroneous. Ark. R. Civ. P. 52(a); *In re: the Matter of One 1994 Chevrolet Camaro*, 343 Ark. 751, 37 S.W.3d 613 (2001). However, we do not defer to a trial judge's ruling on a question of law. *See generally Lowell v. M & N Mobile Home Park*, 323 Ark. 332, 916 S.W.2d 95 (1996). We will simply reverse if the trial judge rules erroneously on a legal issue. *Id.*

█ █ The evidence regarding whether Brooks filed a notice of judicial referral was conflicting. However, we need not evaluate that evidence because we hold that the prosecutor's failure to answer certain discovery propounded by Brooks resulted in an admission that Brooks filed a timely notice of judicial referral. During a March 1, 2000 hearing, Brooks presented the prosecutor with the following requests for admission:

> REQUEST FOR ADMISSION NO. 4: Please admit that the correspondence of March 4, 1997, attached hereto as Exhibit "B", is a true and correct copy of a letter of transmission accompanying the Notice of Judicial Referral and Motion to Retrieve Vehicle from [Brooks's counsel] to the State's representative, [Prosecutor] H.G. Foster.

> REQUEST FOR ADMISSION NO. 5: Please admit that the State's representative, H.G. Foster, Prosecuting Attorney, actually received the correspondence attached hereto as Exhibit "B", and accompanying pleadings on or about March 4, 1997.

> REQUEST FOR ADMISSION NO. 6: Please admit that the Notice of Judicial Referral attached hereto as Exhibit "C" is a true and correct copy of the Notice of Judicial Referral that was forwarded to the State's representative H.G. Foster on March 4, 1997.

The record does not reveal that the prosecutor ever answered these requests or made any excuse for neglecting to do so. Where excusable neglect is not pleaded or proven and a response to a request for admission is not timely filed, the untimely response results in an admission. Ark. R. Civ. P. 36(a); *Borg-Warner Acceptance Corp. v. Kesterson*, 288 Ark. 611, 708 S.W.2d 606 (1986). In this case, the prosecutor's unexplained failure to respond to the above-quoted requests resulted in an admission that Brooks filed a timely notice of judicial referral.

█ The State argues that the Rules of Civil Procedure do not apply to this forfeiture action. It cites Ark. R. Civ. P. 81, which provides that the Rules of Civil Procedure do not apply where a statute that creates a right, remedy, or proceeding specifically provides for a different procedure. Although the Rules of Civil Procedure may not have applied had the prosecutor proceeded strictly under the uncontested forfeiture statute, *see Union Nat'l Bank v. Nichols*, 305 Ark. 274, 807 S.W.2d 36 (1991), the prosecutor chose to invoke the judiciary's participation by seeking a forfeiture order.

The Rules of Civil Procedure *do* apply to judicial forfeiture proceedings. *See Sims v. State*, 326 Ark. 296, 930 S.W.2d 381 (1996). Further, a proceeding that is not ordinarily subject to the Rules of Civil Procedure may become so once the matter is brought before a circuit court. *See Sosebee v. County Line Sch. Dist.*, 320 Ark. 412, 897 S.W.2d 556 (1995).

■ Based upon the foregoing, we hold that as a result of the prosecutor's failure to respond to requests for admission, it is deemed admitted that Brooks filed a timely notice of judicial referral. By doing so, Brooks was entitled to a judicial forfeiture proceeding, pursuant to Arkansas Code Annotated section 5-64-505. The question is whether his right to such a proceeding is governed by the version of that statute in effect at the time of the 1997 seizure or the version in effect at the time the forfeiture order was sought in 2000.

The two statutes differ considerably in that the latter version sets out very stringent time periods within which forfeiture may be accomplished (at the most, within 120 days of seizure), while the former version merely required that proceedings be "instituted promptly." *See* Ark. Code Ann. § 5-64-505(g)(3) (Supp. 2001) and Ark. Code Ann. § 5-64-505(c) (Repl. 1997). However, we need not reach the question of which of these two statutes applies because the prosecutor did not institute forfeiture proceedings in a timely fashion under either law. Nearly three years passed between the time the prosecutor first notified Brooks of the seizure of his vehicle and the time he began forfeiture proceedings in circuit court. The record reveals no reason for this delay and, as far as we can determine, the three-year limbo between seizure and institution of forfeiture proceedings was indefensible. Obviously, the 120-day requirement of the new statute was not met. Further, the three-year delay is so great that no court could reasonably conclude, under the circumstances of this case, that proceedings were "instituted promptly" as required by the former statute.[1]

■ Because the prosecutor failed to comply with the requirements of the forfeiture law, either as it existed in 1997 or 2000, we reverse the trial court's forfeiture order and remand the case with

---

[1] Although such a determination might ordinarily be a question for the trial judge to decide, where the facts necessary to make a particular finding are undisputed, a question of law is presented that we may address. *See J&V Restaurant Supply & Refrig., Inc. v. Supreme Fixture Co., Inc.*, ___ Ark. App. ___, ___ S.W.3d ___ (March 6, 2002).

directions to order the immediate return of the subject vehicle to its owner.

Reversed and remanded.

PITTMAN and VAUGHT, JJ., agree.