John CLOUD and Yvonne CLOUD *v.*
REGIONS INVESTMENTS COMPANY, Inc.

CA 02-647                                    98 S.W.3d 846

Court of Appeals of Arkansas
Division II
Opinion delivered March 5, 2003

*John David Cloud*, for appellants.

*Friday, Eldredge & Clark*, by: *William A. Waddell, Jr.*, for appellee.

ROBERT J. GLADWIN, Judge. On January 10, 2001, John and Yvonne Cloud entered arbitration proceedings with Regions following a dispute about the Clouds' investment in Wal-Mart stock. Arbitration resulted in an award in favor of Regions on February 14, 2001. On May 14, 2001, the Clouds filed a motion to vacate the award in the Clark County Chancery Court and mailed a copy of that motion to Stephen A. Rowe in Alabama because he was the attorney who had represented Regions in the arbitration proceedings. Events finally culminated in an order entered by the trial court on March 15, 2002, in which the court granted Regions' motion to dismiss the Clouds' petition "with prejudice." From that order comes this appeal.

In order to gain a full understanding of the issues on appeal, we must first discuss the procedural history of this case. After the Clouds moved to vacate the award following the arbitration proceedings, the trial court entered an order on July 13, 2001, purporting to vacate the award, but, on that same date, it also entered an order denying the Clouds' motion to vacate with a handwritten notation that it was denied because there was no proof of service. Thereafter, on July 23, 2001, the trial court entered an order to disregard the July 13 order vacating the award, but on the same date entered another order vacating the award. On October 8, 2001, the trial court set aside the July 23 order vacating the award and instructed the Clouds to serve Regions with their motion as required by the Arkansas rules.

Unaware of the October 8 order, Regions filed a motion to set aside the July 23 order and motion to dismiss on October 22, 2001, on the grounds that the Clouds failed to timely and properly serve it as required by Ark. Code Ann. § 16-108-216 (Repl. 1987) and Ark. R. Civ. P. 4(i). At a hearing on January 14, 2002, the trial court granted Regions' motion. On January 16, the court entered its order dismissing the Clouds' motion to vacate "without prejudice" pursuant to Ark. R. Civ. P. 4(i). The court found that Regions was not properly served in accordance with Ark. Code Ann. § 16-108-216 in that Mr. Rowe was not authorized to accept service on behalf of Regions and service was not otherwise properly obtained within 120 days. Meanwhile, on January 15, 2002, the Clouds had re-filed their motion to vacate the arbitration award and requested that a summons be issued. Subsequently, on February 1, 2002, Regions filed a motion to dismiss the Clouds' motion to vacate "with prejudice." On March 15, 2002, the trial court held a hearing and entered its order of dismissal "with prejudice."

Arkansas Code Annotated section 16-108-212(b) (Repl. 1987) provides that, when seeking to vacate an arbitration award, an application shall be made within ninety days after delivery of a copy of the award to the applicant. According to Ark. Code Ann. § 16-108-216 (Repl. 1987), "Except as otherwise provided, an application to the court under this subchapter shall be by motion and shall be heard in a manner and upon the notice provided by

law or rule of court for the making and hearing of motions. Unless the parties have agreed otherwise, notice of an initial application for an order shall be served in the manner provided by law for the service of a summons in an action." Arkansas Rule of Civil Procedure 4(i) provides that, if service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice.

■ ■ The Clouds argue on appeal that the trial court erred when it forever barred the refiling of their motion to vacate the award because Ark. R. Civ. P. 4(i) requires a dismissal to be without prejudice. Although the Clouds filed their original motion to vacate the award within ninety days, they failed to serve the summons within 120 days as required by Ark. R. Civ. P. 4(i). As such, their cause of action was not "commenced" in accordance with Ark. R. Civ. P. 3. *See Bodiford v. Bess*, 330 Ark. 713, 956 S.W.2d 861 (1997). By the time the Clouds refiled their motion to vacate, the ninety-day deadline for filing suit under Ark. Code Ann. § 16-108-216 had expired. Ordinarily, a dismissal under Rule 4(i) is without prejudice; however, if the suit is otherwise barred, as it is here, the dismissal is with prejudice. *See Kangas v. Neely*, 346 Ark. 334, 57 S.W.3d 694 (2001); *Bodiford v. Bess*, 330 Ark. 713, 956 S.W.2d 861 (1997).

■ The Clouds also argue that "viable" motions must be answered pursuant to Ark. R. Civ. P. 6(c) and (d), and thus their service was not inadequate. However, although they styled their initial pleading as a motion to vacate, Ark. Code Ann. § 16-108-212 itself sets forth the procedure to follow in order to serve vacation of an arbitration award, and section 216 clearly provides that an initial "application" for such relief shall be served in the manner provided by law for the service of a summons in an action. The trial court, therefore, correctly found that service of their motion was governed by Ark. R. Civ. P. 4(i).

■ Likewise, the Clouds' final argument on appeal must fail. The Clouds contend that the trial court erred when it determined that the so-called saving statute did not apply. Arkansas Code Annotated section 16-56-126 provides that if any action is

commenced within the time prescribed by a statute and the plaintiff suffers a nonsuit, he may commence a new action within one year. The Clouds cannot avail themselves of the saving statute where they have failed to complete timely service on Regions and have not, thus, "commenced" their cause of action. *See Nef v. AG Services of America, Inc.*, 79 Ark. App. 100, 86 S.W.3d 4 (2002). Moreover, the Clouds did not take a nonsuit, *i.e.*, a voluntary dismissal pursuant to Ark. R. Civ. P. 41(a).

Affirmed.

ROAF and BIRD, JJ., agree.