Demarcus MITCHELL *v.* STATE of Arkansas

CA 05-737 229 S.W.3d 583

Court of Appeals of Arkansas
Opinion delivered February 22, 2006

*Ronald L. Davis Jr. Law Firm, P.L.L.C.*, by: *Ronald L. Davis Jr.*, for appellant.

*Mike Beebe*, Ark. Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. In this judicial forfeiture appeal from the Faulkner County Circuit Court, appellant argues that the trial court lacked jurisdiction over the case and that it erred in granting the State's motion to strike. We agree with appellant; therefore, we reverse and remand.

The facts are these. On March 29, 2003, Mark Mushrush of the Conway Police Department arrested appellant Demarcus Mitchell and seized $22,543 from him. Thereafter, the prosecuting attorney for the Twentieth Judicial District filed a complaint for *in rem* forfeiture of the money in the Faulkner County Circuit Court on April 8, 2003. In June 2004, appellant entered into a plea agreement with the United States District Court, Eastern District of Arkansas, in which he pled guilty to six counts of conspiracy to possess marijuana with the intent to distribute and possession of a firearm. Subsequently, on October 1, 2004, the prosecuting attorney filed a motion to dismiss the forfeiture complaint for lack of service of process. That same day, the trial court granted the motion and dismissed the complaint without prejudice, and the prosecuting attorney filed a second *in rem* forfeiture complaint. The complaint was properly served on appellant, and he filed a motion to dismiss the action, challenging the circuit court's subject-matter jurisdiction. A hearing was held on December 17, 2004, and the court denied appellant's motion.

Appellant filed a second motion to dismiss on December 30, 2004, asserting that the prosecuting attorney's complaint for *in rem* forfeiture was filed more than sixty days after the confiscation report was received by him from the Conway Police Department. In response, the prosecuting attorney filed a motion to strike, asserting that appellant, in making a negotiated plea agreement with the federal government, agreed to waive "any and all challenges to, and appeal of, . . . sought-after forfeiture of assets and firearms that have occurred or commenced as of the date of the execution of this Plea Agreement in this investigation." The State asserted that, because the plea agreement was entered into on June 23, 2004, subsequent to the initial action for forfeiture, appellant waived any and all rights to the currency. The trial court agreed and entered an order that granted the State's motion to strike. This appeal followed.

A circuit court's findings of fact will not be set aside unless they are clearly erroneous. *In Re the Matter of One 1995 Ford*, 76 Ark. App. 522, 69 S.W.3d 442 (2002). We do not defer to a trial court's ruling on questions of law, and will simply reverse if it rules erroneously on a legal issue. *See id.*

As a preliminary matter, we take up the State's argument that we should not address appellant's points on appeal because he failed to challenge, at trial or on appeal, the trial court's ruling that the waiver housed within the federally-negotiated plea

agreement divested him of standing to challenge the forfeiture. We disagree with the State and the trial court that appellant waived his right to challenge the forfeiture for a couple of reasons. First, appellant challenged the trial court's determination that the plea agreement applied. In response to the State's motion to strike, appellant affirmatively argued as follows:

> 7. The plaintiff [State] was not a party in the matter of *United States v. Demarcus Andre Mitchell* and has no standing to enforce any agreement that may have been entered into by the United States and the claimant, as there is no contractual relationship between the plaintiff and the claimant.
>
> 8. That as of June 23, 2004, the date the plea agreement between the United States and Claimant was entered into, no order forfeiting the currency herein had been entered. Therefore, no forfeiture had occurred. Further, the instant matter was filed on October 1, 2004, well after June 23, 2004.
>
> 9. That, pursuant to Arkansas Rule of Civil Procedure 3, an action is commenced by the filing of a complaint with the clerk of the proper court ...; however, the commencement is subject to the plaintiff completing service within 120 days from the filing of the complaint, unless the time for service has been extended by the court under subsection (i) of Arkansas Rule of Civil Procedure 4. *Forrest City Machine Works, Inc. v. Lyons*, 315 Ark. 173, 866 S.W.2d 372 (1993).

Appellant did not abandon these arguments at trial nor has he on appeal; at the hearing on February 22, 2005, appellant's counsel argued before the trial court as follows:

> But before the Court even considers those arguments [whether the forfeiture action had been commenced and whether it was commenced at the time the plea agreement was entered], they have — they being the State has no privity of contract. There was arguments made on the record — or a request made on the record in federal court during the sentencing provision — I mean, sentencing proceeding that there was an action that had been filed in Faulkner County Circuit Court that we were requesting in spite of that to have the money back because our client had never been served with that summons and complaint, and that the plea agreement therefore did not apply.

On appeal, appellant argues that:

> Alternatively, the [State's] motion to strike was wholly without merit. The basis for the appellee's motion to strike essentially relies upon the mistaken assertion that the appellant waived his right to contest this forfeiture action by entering into a plea agreement with the United States.

> The [State's] motion to strike focuses on paragraph 6, subsection C (Other stipulations) of said plea agreement. Specifically, the appellee opines that the appellant's pleadings should be struck because of the following language: . . . agree to waive "any and all challenges to, and appeal of, . . . sought-after forfeiture of assets and firearms that have *occurred or commenced* as of the date of the execution of this plea agreement in this investigation." Further appellee asserts that as a result of said waiver, the appellant has no standing to contest the forfeiture of U.S. Currency in this matter.

> . . .

> More importantly, in this instance, there had been no divestment of appellant's interest in the property ($22543.00) on June 23, 2004, when the plea agreement was entered by the United States and the appellant. In fact, this In Rem Complaint was not even filed until October 1, 2004, over three (3) months after the plea agreement was entered into. Further, the summons was not served until October 13, 2004, nearly four (4) months after the plea agreement was executed. Therefore, certainly, no forfeiture had *occurred*, as of June 24, 2004, the date the plea agreement was filed in the United States District Court.

(Emphasis in original.) Accordingly, we conclude that appellant properly preserved his arguments for appeal.

■ Second, the State and the trial court erred in determining that the waiver found in the federal plea agreement was applicable to the state-forfeiture action. A closer look at the language of the plea agreement provides the clear answer. Paragraph 15 of that agreement provided that:

> 15. **PARTIES:** This agreement is binding only upon the United States Attorney's Office for the Eastern District of Arkansas and the defendant. It does not bind any United States Attorney outside the

> Eastern District of Arkansas, nor does it bind any other federal, *state or local prosecuting*, administrative, or regulatory authority.

(Emphasis added.) When a dispute arises over the meaning of a plea agreement, the appellate court will discern the intent of the parties as expressed in the plain language of the agreement viewed as a whole. *See Miles v. State*, 350 Ark. 243, 85 S.W.3d 907 (2002). We discern that the intent of the parties, as expressly provided by the plain language of the plea agreement, was that the agreement be binding only as between appellant and the United States Attorney's Office for the Eastern District of Arkansas.

We now turn to the merits. Arkansas Rule of Civil Procedure 81 provides that the Rules of Civil Procedure "apply to all civil proceedings cognizable in the circuit courts of this State except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply." The Rules of Civil Procedure do apply to judicial-forfeiture proceedings. *In Re the Matter of One 1995 Ford, supra*. Arkansas Civil Procedure Rule 3 provides that an action is commenced by filing a complaint with the clerk of the proper court. *Forrest City Mach. Works, Inc. v. Lyons*, 315 Ark. 173, 866 S.W.2d 372 (1993). However, effectiveness of the commencement date is dependent upon meeting the requirements of Rule 4(i), which provides in pertinent part:

> Time Limit for Service: If service of the summons is not made upon a defendant within 120 days after filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause.

Moreover, Rule 41(a) of the Arkansas Rules of Civil Procedure allows for a plaintiff, as a matter of right, to dismiss her cause of action without prejudice. Furthermore, Ark. Code Ann. § 16-56-126 (Repl. 2005) provides that, if any action is commenced within the time respectively prescribed, and the plaintiff suffers a nonsuit, "the plaintiff may commence a new action within one (1) year after the nonsuit suffered[.]" This savings statute, however, applies only to actions governed by a general statute of limitations and not to proceedings in which the right to file is limited to a very short period. *See McCastlain v. Elmore*, 340 Ark. 365, 10 S.W.3d 835 (2000).

The legislative intent of the Uniform Controlled Substances Act was in part to address the lack of uniformity and accountability in forfeiture proceedings across the state. *See* Act 1120 of 1999. The General Assembly determined that time limits for initiating forfeiture proceedings and stricter controls over forfeited property would help alleviate such problems while strengthening forfeiture as a vital weapon against drug trafficking. *Id.* Arkansas Code Annotated section 5-64-505 (Repl. 2005) provides the procedure for initiation of forfeiture proceedings. It provides in part as follows:

> (g) Initiation of forfeiture proceedings — Notice to claimants — Judicial proceedings.
>
> (1)(A) The prosecuting attorney shall initiate forfeiture proceedings by filing a complaint with the circuit clerk of the county in which the property was seized and by serving such complaint on all known owners and interest holders of the seized property in accordance with the Arkansas Rules of Civil Procedure.
>
> . . .
>
> (2) The complaint shall include a copy of the confiscation report and shall be filed within sixty (60) days after receiving a copy of the confiscation report from the seizing law enforcement agency. In cases involving real property, the complaint shall be filed within sixty (60) days of the defendant's conviction on the charge giving rise to the forfeiture.
>
> (3) The prosecuting attorney may file the complaint after the expiration of the time set forth in subdivision (g)(2) of this section only if the complaint is accompanied by a statement of good cause for the late filing. However, in no event shall the complaint be filed more than one hundred twenty (120) days after either the date of the seizure or, in cases involving real property, the date of the defendant's conviction. If the court determines that good cause has not been established, the court shall order that the seized property be returned to the owner or interest holder.
>
> (4) Within the time set forth in the Arkansas Rules of Civil Procedure, the owner or interest holder of the seized property shall file with the circuit clerk a verified answer to the complaint which shall include:

(A) A statement describing the property and the petitioner's interest in the property, with supporting documents to establish such interest;

(B) A certification by the owner or interest holder stating that he has read the document and that it is not filed for any improper purpose;

(C) A statement setting forth any defenses to forfeiture; and

(D) The address at which the owner or interest holder will accept mail.

(5)(A) If the owner or interest holder fails to file an answer as required by subdivision (g)(4) of this section, the prosecuting attorney may move for default judgment pursuant to the Arkansas Rules of Civil Procedure.

In the instant matter, when the original complaint for forfeiture was filed, the action was not commenced because the complaint was not properly served within 120 days nor was a motion to extend the time limit for service presented to the trial court. *See Cloud v. Regions Inv. Co.*, 81 Ark. App. 129, 98 S.W.3d 846 (2003) (because appellants failed to serve the summons within 120 days as required by Ark. R. Civ. P. 4(i), their cause of action was not "commenced" in accordance with Ark. R. Civ. P. (3). Subsequently, the action was dismissed without prejudice at the State's behest, and the action was only commenced when appellant was served on October 13, 2004.

In granting the State's motion to strike, the trial court found in part that appellant had failed to follow the provisions set out in Ark. Code Ann. § 5-64-505(4) by not filing a verified answer to the complaint. However, preliminary to determining whether appellant complied with the rule is the inquiry of whether the State complied with the rule. In this instance, it did not.

Arkansas Code Annotated section 5-64-505(2) requires that the complaint include a copy of the confiscation report and be filed within sixty days after its receipt. Although the prosecuting attorney filed the complaint within sixty days of receiving the confiscation report, the action was not properly commenced and was nonsuited. The action was properly commenced on October 13, 2004 (the date appellant received the summons), and the record

indicates that the confiscation report was received on April 1, 2003 — clearly beyond sixty days. Furthermore, Ark. Code Ann. § 5-64-505(3) provides that the prosecuting attorney may file the complaint after the expiration of sixty days *only if the complaint is accompanied by a statement of good cause for the late filing*; however, in no event shall the complaint be filed more than 120 days after the date of seizure. Here, the prosecutor did not include a statement of good cause when he commenced the suit more than sixty days after receiving the confiscation report. Moreover, the complaint was filed well beyond 120 days after the seizure. The seizure occurred on March 29, 2003, and the complaint was not re-filed until October 1, 2004. Therefore, the State neglected to toll the limitations period to invoke the one-year savings statute pursuant to Ark. Code Ann. § 16-56-126 because it did not file the forfeiture complaint within the 120-day period. *See Thomson v. Zufari*, 325 Ark. 208, 924 S.W.2d 796 (1996) (to toll the limitations period to invoke the one-year savings statute, a plaintiff need only file his or her complaint within the statute of limitations and complete timely service on a defendant). Hence, the trial court erred as a matter of law; consequently, we reverse and remand.

Reversed and remanded.

HART and BIRD, JJ., agree.