STATE of Arkansas *v.* Adam HAMMAME, Susan Hammame and
One 1996 Toyota Camry, VIN 4T1BG12KOTU949386

CA 07–163 282 S.W.3d 278

Court of Appeals of Arkansas
Opinion delivered April 9, 2008

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

*Baker Law Office*, by: *Cindy M. Baker*, for appellee.

R OBERT J. GLADWIN, Judge. The State of Arkansas appeals the Carroll County Circuit Court's dismissal of its in rem forfeiture action as to a 1996 Toyota Camry, which was seized from Adam Hammame and Susan Hammame. The State contends on appeal that the circuit court misinterpreted Ark. Code Ann. § 5-64-505 (Repl. 2005), by concluding that the sheriff's office was a party to the forfeiture action under that statute, and therefore, could not effect service pursuant to Arkansas Rule of Civil Procedure 4(c)(1) (2006). We reverse and remand for proceedings consistent with this opinion.

An in rem complaint for forfeiture of seized items was filed on July 6, 2006, against a 1996 Toyota Camry registered to Adam Hammame and Susan Hammame. The car was seized on May 26, 2006, by the Carroll County Sheriff's Office after it had been used by Adam Hammame to transport one-quarter pound of marijuana to a residence in Carroll County, where Hammame then sold the marijuana to a confidential informant while law enforcement were present in the residence. The complaint sought forfeiture of the automobile to the State pursuant to Ark. Code Ann. § 5-64-505. The Hammames filed separate answers, each reserving the right to file objections to the service of process, venue, subject-matter jurisdiction, personal jurisdiction, or amended pleadings. After a hearing on December 11, 2006, at which the parties agreed to stipulated facts, the circuit court dismissed the forfeiture complaint, finding that the Carroll County Sheriff could not properly serve summons in this case pursuant to Ark. R. Civ. P. 4(c)(1), as the sheriff was a party to the forfeiture action under Ark. Code Ann. § 5-64-505, adhering to its decision in a related case.[1] The State filed this appeal.

---

[1] *See State of Arkansas v. Neal*, CA 07-165 (Ark. Ct. App. Apr. 9, 2008), where the Carroll County Circuit Court dismissed the forfeiture action after finding that, pursuant to Ark. Code Ann. § 5-64-505 and Ark. R. Civ. P. 4(c)(1), the Carroll County Sheriff's office was a party, and thus could not properly serve summons.

Pursuant to Ark. Code Ann. § 5-64-505(g)(1)(A), the prosecuting attorney shall initiate forfeiture proceedings by filing a complaint with the circuit clerk of the county where the property was seized and by serving the complaint on all known owners and interest holders of the seized property in accordance with the Arkansas Rules of Civil Procedure. Arkansas Civil Procedure Rule 3 provides that an action is commenced by filing a complaint with the clerk of the proper court. *Forrest City Mach. Works, Inc. v. Lyons*, 315 Ark. 173, 866 S.W.2d 372 (1993). However, effectiveness of the commencement date is dependent upon meeting the requirements of Rule 4(i), which provides in pertinent part:

> Time Limit for Service: If service of the summons is not made upon a defendant within 120 days after filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause.

Rule 4(c)(1) provides that service of summons shall be made by a sheriff of the county where the service is to be made, or his or her deputy, unless the sheriff is a party to the action. Under Ark. Code Ann. § 5-64-505(h), final disposition of forfeited property is described in pertinent part as follows:

> (1) When the circuit court having jurisdiction over the seized property finds upon a hearing by a preponderance of the evidence that grounds for a forfeiture exist under this chapter, the circuit court shall enter an order:
>
> (A) To permit the law enforcement agency or prosecuting attorney to retain the seized property for law enforcement or prosecutorial purposes, subject to the following provisions:
>
> (i)(a) Seized property may not be retained for official use for more than two (2) years, unless the circuit court finds that the seized property has been used for law enforcement or prosecutorial purposes and authorizes continued use for those purposes on an annual basis.
>
> (b) At the end of the retention period, the seized property shall be sold as provided in subdivision (h)(1)(B) of this section and:

(1) Eighty percent (80%) of the proceeds shall be deposited into the drug control fund of the retaining law enforcement agency or prosecuting attorney; and

(2) Twenty percent (20%) of the proceeds shall be deposited into the State Treasury as special revenues to be credited to the Crime Lab Equipment Fund.

(c)(1) Nothing prohibits the retaining law enforcement agency or prosecuting attorney from selling the retained seized property at any time during the time allowed for retention.

The interpretation of statutes and court rules on appeal is de novo. *E.g., Ligon v. Stewart,* 369 Ark. 380, 255 S.W.3d 435 (2007). A circuit court's findings of fact will not be set aside unless they are clearly erroneous. *In re One 1995 Ford,* 76 Ark. App. 522, 69 S.W.3d 442 (2002). We do not defer to a trial court's ruling on questions of law, and will simply reverse if it rules erroneously on a legal issue. *See id.*

The State contends that the circuit court's conclusion that the sheriff's office was a party to the State's forfeiture action in this case was erroneous. Arkansas Code Annotated section 5-64-505(h) allows a circuit court to permit a law-enforcement agency to retain and use forfeited seized property. The trial court concluded that "the language of the statute makes it clear that the seizing agency is a party to this type of action, and has an interest in the outcome." The State argues however, that the statute does not purport to make seizing agencies, as was the sheriff's office here, parties to in rem proceedings, or even to contemplate service upon them. *See* Ark. Code Ann. § 5-64-505(g)(1). We agree.

Prosecuting attorneys are authorized to bring actions in which the State is interested in the State's name and behalf, not in the sheriffs' name and behalf. *See* Ark. Code Ann. § 16-106-101(a) (Repl. 2006). Therefore, pursuant to Ark. Code Ann. § 5-64-505(g)(1), a prosecuting attorney is authorized to initiate forfeiture proceedings and is required to serve known owners and interest holders, but not seizing agencies. The seizing agency is responsible for custody and inventory of the seized property, but may not dispose of it except as authorized by a court. *See* Ark. Code Ann. § 5-64-505(e), (f), (h), (i). The plain language of the

statute dictates that a seizing agency has no claim to property unless it is forfeited, and even then the interest is statutorily conditioned, and that known owners or interest holders are entitled to seized property if it is not forfeited. Ark. Code Ann. § 5-64-505(g)(3)(C), (g)(5)(A)(iii)(*b*). Therefore, the circuit court's reliance on paragraph (h), concerning disposition of seized property, to conclude that the sheriff's office here was a party to the forfeiture action was in error.

The trial court was apparently persuaded by Hammame's argument that *In re $3,166,199*, 337 Ark. 74, 987 S.W.2d 663 (1999), stands for the proposition that the seizing agency cannot serve process because it is an interested party. In that case there was a dispute between state and local authorities over the proper jurisdiction for forfeiture proceedings because at stake was over $3.1 million found in the course of a random search of a tractor-trailer truck on an Arkansas highway. The trial court held that the Crittenden County Prosecuting Attorney was the seizing law-enforcement agent. On appeal, the Arkansas Highway Police (AHP) was held to be the "seizing agency" under the statute. The Arkansas Supreme Court ruled that AHP had standing to appeal the circuit court's order, even though it acknowledged that AHP would not ordinarily have standing to bring the appeal. The court stated:

> However, we have recognized two other circumstances [besides by initiating an action through filing a complaint or responding to a complaint by answer, by intervention under Rule 24, or by joinder under Rule 19] in which a nonparty may gain standing to pursue appellate review of a trial court's orders. The first occurs when a nonparty seeks relief under Rule 60(k), which provides that an independent action may be filed to relieve a person from judgment who was not actually served with process. *Ark. Dep't of Human Servs. v. Bailey*, 318 Ark. 374, 885 S.W.2d 677 (1994). AHP has not sought such relief so it is inapplicable. The other circumstance is the unique set of facts where any appellant, though not a party, has a pecuniary interest affected by the court's disposition of the matter below. In [*Matter of Allen*, 304 Ark. 222, 800 S.W.2d 715 (1990)], this court noted that it has long recognized an exception to the general rule for one pecuniarily affected by a judgment. *Ark. State Hwy. Comm'n v. Perrin*, 240 Ark. 302, 399 S.W.2d 287 (1966).

*Id.*, 337 Ark. at 79, 987 S.W.2d at 666 (1999). *In re $3,166,199* stands only for the proposition that a seizing law-enforcement agency had standing to file an appeal to protect its pecuniary interest in a seized res, despite being a nonparty.

 Finally, Rule 4's prohibition on service by the sheriff when he is a party has no application in this case. The former statutory prohibition on a sheriff's service power was broader, as the statute included actions "wherein the sheriff is a party or is interested." Ark. Code Ann. § 16-58-112 (1987). However, that statute was superseded by Ark. R. Civ. P. 4(c)(1), which states that service shall be made by a sheriff unless the sheriff is a party to the action, leaving out the "or is interested" language. The sheriff was not a party, and service by him was not deficient under Rule 4(c)(1).

Therefore, we reverse the circuit court's order and remand for proceedings consistent with this opinion.

Reversed and remanded.

GLOVER and VAUGHT, JJ., agree.