SLIP OPINION

Cite as 2015 Ark. App. 191

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-721

| | |
|---|---|
| RUSSELL CAGLE AND GENEVA CAGLE<br><br>APPELLANTS<br><br>V.<br><br>JEFFREY TERWILLIGER<br>APPELLEE | Opinion Delivered MARCH 18, 2015<br><br>APPEAL FROM THE POLK COUNTY CIRCUIT COURT<br>[NO. CV-13-123]<br><br>HONORABLE TED C. CAPEHEART, SPECIAL JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

Appellants Russell and Geneva Cagle assert that though they failed to perfect service on appellee Jeffrey Terwilliger, they should have been allowed to take advantage of Arkansas Code Annotated section 16-56-126, the savings statute, because they were defrauded into believing service was not necessary. The circuit court dismissed the case with prejudice. We affirm.

Russell and Geneva Cagle were involved in a car accident with Jeffrey Terwilliger on September 4, 2010, and sustained injuries from the collision. The Cagles had until September 4, 2013, to file a complaint against Terwilliger before the three-year statute of limitations ran. On August 20, 2013, they filed their complaint and had 120 days, until December 18, 2013, to perfect service. A summons was also issued on August 20, but service was never completed, and the Cagles do not dispute that fact. On October 18, 2013, Terwilliger filed a response, though he had not yet been served, and in his response he reserved the right to object on

SLIP OPINION

jurisdictional grounds. Specifically, in paragraph two of his response he stated:

> The Defendant reserves the right to plead further and reserves objections on the basis of (1) lack of jurisdiction over the subject matter (2) lack of jurisdiction over the person, (3) improper venue (4) insufficiency of process, (5) insufficiency of service process[.]

December 18, 2013 passed without completion of service upon Terwilliger. On February 7, 2014, Terwilliger filed a motion to dismiss with prejudice pursuant to Rule 12 of the Arkansas Rules of Civil Procedure. On February 25, 2014, the Cagles filed their response to the motion to dismiss, asserting Terwilliger waived any further need for service by filing a response to the complaint. They alleged they were deceived by Terwilliger into not perfecting service and attached an affidavit to their response to his motion relating the details of the alleged fraud. Orvin Foster, attorney for the Cagles, stated in the affidavit that a couple of days after he filed the complaint, a representative of Terwilliger called him and wanted to negotiate a settlement. Foster asserted the representative asked him to forgo service of summons during that time, thereby tricking him into letting the time for service lapse. The Cagles asserted the filing of the answer to the complaint reserving the lack-of-service defense was intentionally deceitful and in furtherance of the fraud.

Terwilliger's attorney, Roy Gene Sanders, denied the allegation of deceit in his response and attached a series of letters from Progressive Northwestern Insurance Company documenting a lack of communication from Foster about the Cagles' case. The letters to Foster document unheeded requests for medical bills, unreturned phone calls, and a general lack of communication by phone and by mail. The letters to Terwilliger notified him of a lawsuit that would be filed against him. Sanders also included an affidavit from Elizabeth Hill,

one of the claims adjusters involved in the case, who stated Foster repeatedly failed to provide information, and ignored her attempts to communicate with him. Sanders asserted the letters from the claims adjuster indicated the lawsuit was active, progressing, and gave Foster every indication that service should be completed. Hill, in her affidavit, also stated she had no knowledge of an agreement between the parties to "hold off on service."

The circuit court dismissed the suit with prejudice, and we affirm.

## I. *Standard of Review*

The interpretation of statutes and court rules on appeal is de novo. *Ligon v. Stewart*, 369 Ark. 380, 255 S.W.3d 435 (2007). A circuit court's findings of fact will not be set aside by an appellate court, unless they are clearly erroneous. *In Re the Matter of One 1995 Ford*, 76 Ark. App. 522, 69 S.W.3d 442 (2002). An appellate court does not defer to a circuit court's ruling on questions of law, and we will simply reverse if it rules erroneously on a legal issue. *Id*.

## II. *Applicable Law*

Pursuant to Rule 12 of the Arkansas Rules of Civil Procedure, certain defenses shall be asserted in the first responsive pleading, or by motion before pleading, including the defenses of insufficiency of process or insufficiency of service of process. *See* Ark. R. Civ. P. 12(b)(4)-(5) (2003). Rule 3 of the Arkansas Rules of Civil Procedure provides that an action is commenced by filing a complaint with the clerk of the proper court. *Bodiford v. Bess*, 330 Ark. 713, 956 S.W.2d 861 (1997). The touchstone for a limitations defense to a tort action is when the cause of action was commenced. *Id*. However, effectiveness of the

3

commencement date is dependent upon meeting the requirements of Rule 4 of the Arkansas Rules of Civil Procedure. Under Rule 4(a), the clerk must issue a summons upon the filing of a complaint. Rule 4(i) mandates the time limit for service:

> (1) If service of the summons and a copy of the complaint is not made upon a defendant within 120 days after the filing of the complaint or within the time period established by an extension granted pursuant to paragraph (2), the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative[.]

Rule 4(i) must be read in light of other procedural rules, such as the statute of limitations. *Bodiford*, *supra*, at 715, 926 S.W.2d at 862. For example, the dismissal without prejudice language in Rule 4(i) does not apply if the plaintiff's action is otherwise barred by the running of a statute of limitations. *Id.* Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001) (citing *Tucker v. Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982)). Our case law is equally well settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *Id.*; *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996). Our supreme court has held the same reasoning applies to service requirements imposed by court rules. *Id.*

The Cagles argue that the savings statute should be available to them because they were defrauded into believing they did not have to complete service. In *Forrest City Machine Works, Inc. v. Lyons*, 315 Ark. 173, at 177, 866 S.W.2d 372, at 374, our supreme court explained Arkansas Code Annotated section 16-56-126 (Repl. 2005), known as the savings statute:

> [To] toll the limitations period and to invoke the saving statute, a plaintiff need only file his or her complaint within the statute of limitations and complete timely service

SLIP OPINION

on a defendant. A court's later ruling finding that completed service invalid does not disinherit the plaintiff from the benefit of the saving statute.

The savings statute permits a new commencement of the action, in other words an opportunity to correct a dismissal without prejudice, by timely service of valid process when the statute of limitations would otherwise bar the suit. *Rettig v. Ballard*, 2009 Ark. 629 at 5, 362 S.W.3d 260 at 263.

The Cagles assert the present case is analogous to *Eddinger v. Wright*, 904 F. Supp. 932 (E.D. Ark. 1995). In *Eddinger,* the filing party was deceived into thinking that service was completed, and the responding party was estopped from asserting a 12(b) defense. The plaintiff in that case mistakenly served Robert L. Wright instead of Robert A. Wright. *Id*. The federal district court concluded that the answer filed by Robert L. Wright artfully avoided revealing that he was not the operator of the car involved in the accident and that he knew his son (Robert A. Wright) was the person the plaintiff intended to sue. *Id*. The court ruled Robert L. Wright's answer to be in violation of Arkansas Rule of Civil Procedure 8(b), which requires denials to "fairly meet the substance of the averments denied," and that the plaintiff was deceived into thinking her complaint had been properly served on the correct defendant. *Id*. at 935. The court concluded the events "understandably led the plaintiff to conclude that proper service had been made" and held lack of proper service should be "excused" because of the deceptive answer. *Id*. at 936–37.

In contrast with *Eddinger,* the only evidence Terwilliger intended to mislead the Cagles into believing they had properly served him was the assertion that an adjustor requested waiting on service while they negotiated a settlement, which Terwilliger's attorney denied

occurred. Terwilliger, on the other hand, included in his response many letters from the claims adjuster showing the progress of the case, the need for communication, and the imminence of a lawsuit. In an affidavit, Elizabeth Hill, a claims adjuster, stated she had no knowledge of an agreement between the parties that the Cagles would "hold off on service."

Our supreme court has previously held that filing a response to a complaint before service is perfected does not lead to service becoming unnecessary. *Farm Bureau Mut. Ins. Co. v. Campbell*, 315 Ark. 136, 865 S.W.2d 643 (1993). In *Farm Bureau*, our supreme court held Farm Bureau had not waived its rights and entered an appearance because it had filed an answer. As in the present case, Farm Bureau reserved its objections to jurisdiction over the person and insufficiency of service of process in its responsive pleading. *Id*. at 138, 865 S.W.2d at 645. In that case, the service of summons had not been made, and Farm Bureau had extensively participated in discovery, which led to the Campbells believing that service was not necessary. Our supreme court held, "the Campbells may well have been lulled into the belief that Farm Bureau intended to defend the matter on its merits because of its participation in the discovery process" but "the determining factor is whether the defendant seeks affirmative relief, that is, whether the pleading filed is more than a defensive action." *Id*. at 141, 865 S.W.2d at 645. Terwilliger, like Farm Bureau, responded defensively and reserved his affirmative defense of lack of service in his first responsive pleading. A party being "lulled" into thinking that service was perfected by the filing of a response does not mean completion of service is unnecessary. *Id*. On this point, we affirm.

For the first time on appeal, the Cagles assert Terwilliger did not plead sufficient facts

to reserve the defense of lack of service in accordance with Rule 8 of the Arkansas Rules of Civil Procedure. Appellant must raise an issue with specificity and make an argument to the circuit court for it to be preserved on appeal. *Greenwood v. Anderson*, 2009 Ark. 360, 324 S.W.3d 324. Therefore, we decline to address the merits of this argument.

The Cagles did not complete service, and the statute of limitations ran in the meantime. They are barred by our court rules, and the savings statute does not apply under the present facts.

Affirmed.

GRUBER and GLOVER, JJ., agree.

*Orvin W. Foster*, for appellants.

*Matthews, Sanders & Sayes*, by: *Doralee Chandler* and *Roy Gene Sanders*, for appellee.