Robert J. Gladwin, Chief Judge, dissenting. The majority finds merit in appellants’ argument that, even if we affirm the finding that the summons was defective and, thus, dismissal was proper, the circuit court erred in entering a subsequent order dismissing |1fiwith prejudice. I disagree that service was completed, albeit improperly, and that precedent allows appellants to refile the complaint and obtain proper service within, one year of the order of dismissal pursuant to Rettig v. Ballard, 2009 Ark. 629, 362 S.W.3d 260. Accordingly, I dissent. In David Newbern & John J. Watkins, Arkansas Civil Practice and Procedure § 5.10 (4th ed. 2006), the authors state that the savings statute permits a plaintiff to commence a new action, and that the savings statute applies if a “timely, completed attempt at service is made' but later held to be invalid.” Id: at 102-04 (emphasis added). The savings statute permits a new commencement of the action, in effect, an opportunity to correct a dismissal without prejudice by timely service of valid process when the statute of limitations would otherwise bar the suit. ■ The majority relies on Clouse v. Tu, 101 Ark. App. 260, 274 S.W.3d 344 (2008), which held that Ngau Van Tu’s lawsuit against his former chiropractor, Dr. Lance Clouse, was commenced by Tu completing timely but defective, service of his complaint and summons. This court held that the defect entitled Dr. Clouse to have this case dismissed, but without prejudice to it being refiled by Tu. Clouse, 101 Ark. App. at 261, 274 S.W.3d at 344. I disagree with appellants’ application of Clouse because here, service was neither made on, nor refused by, appellees within the statute of limitations. It is appellants’ burden to demonstrate compliance with the service rules, not appellees’ burden to prove noncompliance. McMahan v. Ark. Dep’t of Human Servs., 2014 Ark. App. 590, 446 S.W.3d 640. [16Where service is made by mail, the plaintiffs burden is to prove that the mailed service was received or affirmatively refused by the addressee or an agent authorized to receive mail -in accordance with U.S. Postal Service regulations. Valley v. Helena Nat’l Bank, 99 Ark. App. 270, 259 S.W.3d 461 (2007). As recently as March 18, 2015, this court has held that a circuit court acquires no jurisdiction over a defendant unless the plaintiff strictly complies with the service and process rules. Cagle v. Terwilliger, 2015 Ark. App. 191, 458 S.W.3d 770; accord Rettig, supra. Strict compliance with process rules includes issuing a summons that apprises the defendant of the correct time to respond and- completing service of that summons and complaint within the window set out by Arkansas Rule of Civil Procedure 4 (2014). If a statute of limitations lapses after a complaint has been filed and the plaintiff does not complete service in the time Rule 4 allows,, dismissal with prejudice is proper because the action never commenced and is now time-barred. Cagle, 2015 Ark. App. 191, at 3-5, 458 S.W.3d 770. A dismissal based on a Rule 4 error is not unique. This case differs from the typical Rule 4 dismissal case only because the circuit court had to resolve disputed factual questions about the residency of appellees and their alleged refusal of service. : I do not agree that the circuit court clearly erred in relying on sworn affidavits from appellees Douglas and Morrison that they did not refuse mailed service or authorize anyone else to refuse it for them. Evidence indicates that the complaint and summons were sent to a post-office box at an agricultural college in a third-world country 1800 miles from Hot Springs, Arkansas, more than two years after appel-lees had moved to rural Costa Rica. 117Appellees did not check the post-office box themselves; their farm manager did. Appellees did not appoint anyone as an agent under U.S. Postal Service regulations for receiving restricted mail or ask anyone to refuse mail on then1 behalf. Accepting those statements as true, as the circuit court was entitled to do under Arkansas Rule of Civil Procedure 43(c) (2014), even a “l-efusal” of the mail by someone with access to the box could not have qualified as completed service. Meeks, supra. Although appellants produced three envelopes marked “rehusada,” “refused,” by an unnamed Costa Rican postal employee, those envelopes do not indicate who refused or the circumstances surrounding that action. Regarding the argument that service on appellees was completed by refusal, rather than acceptance of restricted-delivery mail, this is similar to Brown v. Arkansas Department of Human Services, 2013 Ark. App. 201, 2013 WL 1228032. The defendant-appellant in Brown objected in circuit court that he had not signed the green card showing service of a petition. The court of appeals agreed that service had not been established and reversed the circuit court’s order terminating his parental rights. This court held that in order “to validate its effort under Rule 4, the Department of Human Services had to establish that whoever signed the green card at the Penninger Drive address was Brown’s authorized agent for service.” Id. at 4-5. It presented no such evidence, and its attempted service fell short of the Rule 4 requirements. Here, appellants likewise failed to provide evidence that appellees themselves refused service or that whoever refused service was appellees’ authorized agent for service. Accordingly, their “completed attempted service” falls short of the requirements of Rule 4. Virden and Gruber, JJ., join.