

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-15-548

|  |  |
|---|---|
| | **Opinion Delivered** May 4, 2016 |
| NINETEEN THOUSAND EIGHT HUNDRED NINETY-FOUR DOLLARS ($19,894.00) IN AMERICAN CURRENCY AND GUILLERMO GARCIA ESPINOZA | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CV-13-170-1] |
| APPELLANTS | HONORABLE CHRIS E WILLIAMS, JUDGE |
| V. | |
| STATE OF ARKANSAS APPELLEE | APPEAL DISMISSED WITH PREJUDICE |

## DAVID M. GLOVER, Judge

This appeal involves the forfeiture of $19,894 in cash seized from Guillermo Espinoza's vehicle on July 17, 2013, pursuant to a traffic stop. On September 12, 2013, the State filed an in rem complaint against Espinoza and the passenger in his car, Priscilla Hernandez, seeking forfeiture of the money pursuant to Arkansas Code Annotated section 5-64-505. On October 30, 2013, Espinoza filed his verified answer. Hernandez did not claim an interest in the money and did not file a verified answer to the complaint. On May 21, 2014, the State filed a motion to dismiss the forfeiture action, explaining it had decided not to pursue a forfeiture and requesting dismissal of the case without prejudice. The trial court denied the motion, and a forfeiture hearing was held on June 26, 2014. On September 30, 2014, the trial court entered an order granting forfeiture to the State.

On October 30, 2014, Espinoza filed a motion for reconsideration. The State responded on December 1, 2014, and, on the same day, the trial court denied the motion[1] in an order that provided "The Defendant's Motion to Reconsider is denied and without merit." Espinoza filed his notice of appeal on December 30, 2014, stating he was appealing the December 1, 2014 decision denying his motion for reconsideration and "granting forfeiture to the State." He raises three points of appeal, contending the trial court 1) abused its discretion in denying the motion for order of dismissal because it was made before the case was submitted for final decision, and the State had an absolute right to dismiss pursuant to Arkansas Rule of Civil Procedure 41(a); 2) should have found that his continued detention violated the Fourth Amendment to the Arkansas Constitution and Rule 3.1 of the Arkansas Rules of Criminal Procedure; and 3) clearly erred in granting forfeiture because the State failed to prove by a preponderance of the evidence that the seized currency was used or intended to be used to facilitate a violation of Arkansas Code Annotated section 5–64–505. These are the same arguments he asserted in his motion for reconsideration. Though we sua sponte raise issues determining our court's jurisdiction to hear an appeal, in this case, the issue was also raised by the State in its responsive brief; there the State contended we are without jurisdiction to hear this appeal because Espinoza failed to timely file his notice of appeal. We agree with the State and dismiss this appeal with prejudice.

In responding to the State's jurisdictional challenge, Espinoza takes the position that because forfeiture actions are quasi-criminal in nature, Rule 33.3 of the Arkansas Rules of Criminal Procedure is more applicable than Rule 4 of the Arkansas Rules of Appellate

---

[1] November 30, 2014, fell on a Sunday.

Procedure-Civil. Rule 33.3 provides in pertinent part, "All post-trial motions or applications for relief *must be filed within thirty days after the date of entry of judgment,*" and "[u]pon the filing of a post-trial motion or application for relief in the trial court, the time to file a notice of appeal shall not expire until thirty (30) days after the disposition of all motions or applications." (Emphasis added.) Espinoza states his motion for reconsideration was filed within thirty days of the forfeiture order, and his notice of appeal was filed within thirty days after the trial court's denial of his motion. He then asks us to analyze any jurisdictional issues in this appeal under the rules of criminal procedure because this civil-forfeiture case is more criminal than civil in nature. Our court has long held that the rules of civil procedure apply to judicial-forfeiture proceedings; we are not convinced our position on this issue should change. *See, e.g.*, *Mitchell v. State*, 94 Ark. App. 304, 229 S.W.3d 583 (2006); *In re One 1995 Ford Searcher Jamboree*, 76 Ark. App. 522, 69 S.W.3d 442 (2002).

Because we determine our jurisdiction to hear an appeal, we do not rely entirely upon the parties' analysis of the issue. Here, Espinoza's posttrial motion was styled "Motion to Reconsider." It made no reference to which procedural rule it was based upon. Motions are to be liberally construed, and we are not blinded by titles; rather, we look to the substance of motions to ascertain what they seek. *Stickels v. Heckel*, 2009 Ark. App. 829, 370 S.W.3d 857. Espinoza's motion to reconsider made three basic arguments, challenging the trial court's denial of the State's motion to dismiss, challenging the trial court's determination that the length of time Espinoza was detained pursuant to the traffic stop did not violate the Fourth Amendment to the Arkansas Constitution or Rule 3.1 of the Arkansas Rules of Criminal Procedure, and challenging the trial court's finding of fact that the seized currency

SLIP OPINION

was used or intended to be used to facilitate a violation of Arkansas Code Annotated section

5-64-505. His prayer for relief in the motion provided, "WHEREFORE, Claimant,

Guillermo Garcia Espinoza, respectfully requests that this Court reconsider its ruling in

holding the $19,894.00 forfeitable; deny the State's petition to forfeit the $19,894.00; and

enter an order stating that the money is not forfeitable and should be returned to the

defendant/claimant immediately, with interest at 6% from the date of seizure." In his

December 30, 2014 notice of appeal, Espinoza stated he was appealing from the December

1, 2014 decision denying his motion for reconsideration "and granting forfeiture." As noted

at the outset of our opinion, the December 1, 2014 order simply denied Espinoza's motion

for reconsideration; forfeiture was granted in the September 30, 2014 order.

Rule 4 of the Arkansas Rules of Appellate Procedure—Civil provides in pertinent

part:

> (a) *Time for Filing Notice of Appeal.* Except as otherwise provided in subdivision (b) and (c) of this rule, a notice of appeal shall be filed within (30) days from the entry of the judgment, decree or order appealed from. A notice of cross-appeal shall be filed within ten (10) days after receipt of the notice of appeal, except that in no event shall a cross-appellant have less than thirty (30) days from the entry of the judgment, decree or order within which to file a notice of cross-appeal. A notice of appeal filed after the circuit court announces a decision but before the entry of the judgment, decree, or order shall be treated as filed on the day after the judgment, decree, or order is entered.
>
> (b) *Extension of Time for Filing Notice of Appeal.*
>
> (1) Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), *a motion for a new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment*, the time for filing a notice of appeal

shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding.

(Emphasis added.) Pursuant to our rules of appellate procedure—civil, the only way to extend the thirty-day time limit for filing a notice of appeal from the judgment proper under the circumstances presented here would be to file one of the motions listed under subsection (b)(1) within ten days after the forfeiture judgment was entered. Regardless of the fact that the posttrial motion filed by Espinoza was merely styled "Motion for Reconsideration" and did not specifically request a new trial, we have determined that it constitutes either a Rule 59 motion, or that it falls within the category of "any other motion to vacate, alter, or amend the judgment" under Rule 4, and it was not filed within ten days from the date the judgment was entered.[2] Consequently, he does not benefit from the extension outlined in Rule 4(b)(1) to challenge the September 30, 2014 order granting forfeiture; when he eventually filed his notice of appeal on December 30, 2014, it was well beyond the thirty-day time limitation for filing a notice of appeal from the forfeiture order itself.

---

[2] Rule 59 of the Arkansas Rules of Civil Procedure provides in pertinent part:

(a) *Grounds.* A new trial may be granted to all or any of the parties and on all or part of the claim on the application of the party aggrieved, for any of the following grounds materially affecting the substantial rights of such party: . . . (6) the verdict or decision is clearly contrary to the preponderance of the evidence or is contrary to the law; . . . (8) error of law occurring at the trial and objected to by the party making the application.

(b) *Time for Motion.* A motion for a new trial shall be filed not later than 10 days after the entry of judgment.

SLIP OPINION

Espinoza is not helped by the fact that his December 30, 2014 notice of appeal specifically designates the December 1, 2014 order denying his motion for reconsideration as the order from which he is appealing. We have determined that his motion was, in substance, one that should have been filed within ten days from the September 30, 2014 order granting forfeiture; therefore, the motion was untimely, and the trial court was without jurisdiction to entertain it. *See, e.g., White v. White*, 2014 Ark. App. 594 at 6, 446 S.W.3d 635, 638 ("Because [the] purported Rule 60 motion was in actuality a Rule 59 motion and was not filed within ten days of the divorce decree, the motion was untimely and the trial court was without jurisdiction to entertain it.").

We find no basis for exercising our jurisdiction in this appeal.

Appeal dismissed with prejudice.

GRUBER, J., agrees.

BROWN, J., concurs.

**WAYMOND M. BROWN, Judge, concurring.** Although I agree that our court is procedurally barred from hearing this appeal, I write separately because, after exhaustive research and effort, I cannot see why the trial judge would decide to follow through with the forfeiture of Mr. Espinoza's $19,894, when the charging agency moved to dismiss without prejudice believing it lacked the evidence to confiscate the money. Pursuant to Arkansas Rule of Civil Procedure 41(a), a plaintiff in a civil suit may move to dismiss an action without prejudice before submission of the case to the trial court. Here, despite Mr. Espinoza's request for a ruling on the State's motion to dismiss the forfeiture, the trial judge withheld his ruling in order to receive a transcript of a conversation between Mr. Espinoza,

his co-defendant, and, at times, the arresting officer, after the cash had been found and Mr. Espinoza had been detained in the back of a patrol car. The transcript was received by the trial court. In his order, the judge noted statements such as, "What are we going to do? They just found the money," and "Please don't find it, please don't find it" in determining that both Mr. Espinoza and his companion "knew that this illicit money was hauled down the road." Absent from the same order was the obvious language barrier that existed between Mr. Espinoza and the arresting officer, the officer's insistence that he had been a state trooper for sixteen years and there was only one reason someone would carry that much cash in his vehicle, the officer's apparent refusal to be shown text messages between Mr. Espinoza and the person from whom he said he wished to buy a truck, or even Mr. Espinoza's companion's statement, "You didn't tell me you had that money. You just told me we were coming to buy a truck."

Meanwhile, Mr. Espinoza presented the trial court with numerous paychecks from various construction jobs, as well as tax documents evidencing his argument that the money was lawfully earned. Nevertheless, the trial judge ordered forfeiture of the nearly $20,000. In response to Mr. Espinoza's motion for reconsideration, the judge simply stated, "The Defendant's Motion to Reconsider is denied and without merit." He gave no further explanation. I am of the belief that unsubstantiated suspicions are not just cause for circumventing established judicial practices.

I concur.

*Pamela Epperson Panasiuk*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.