David Jefferson MORGAN *v.* Larry NORRIS, Director, Arkansas Department of Correction

02-513                                        144 S.W.3d 243

Supreme Court of Arkansas
Opinion delivered January 29, 2004

*J. Blake Hendrix*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

P er Curiam.  Appellant pleaded guilty in Sebastian County Circuit Court to first-degree murder and was sentenced to life imprisonment by judgment entered September 1, 1988. Pursuant to Ark. Code Ann. § 16-112-101, appellant filed a petition for a writ of *habeas corpus* on November 19, 2001, in Lincoln County Circuit Court, the county in which he is incarcerated. The Lincoln County Circuit Court denied appellant's petition, and from that order comes this appeal. This court has made it clear that a writ of *habeas corpus* will issue when a commitment is invalid on its face or when the sentencing court lacked jurisdiction to enter or modify the sentence. *Cloird v. State*, 349 Ark. 33, 40, 76 S.W.3d 813, 817 (2002). A petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing, by affidavit or other evidence, [of] probable cause to believe" he is so detained. *Flowers v. Norris*, 347 Ark. 760, 763-64, 68 S.W.3d 289, 291 (2002) (citing Ark. Code Ann. § 16-112-103 (1987)).

After receiving information that appellant had been living at the home of the victim, appellant was brought in for questioning by the Fort Smith Police Department. Appellant was seventeen at the time. Pursuant to a verbal order by Judge Don Langston, appellant was taken to a juvenile detention facility and held as a "neglected juvenile" pending his mother's arrival from out of town. He was later charged in Sebastian County Circuit Court as an adult, and as mentioned, pleaded guilty to first-degree murder.

Appellant's argument is that the Sebastian County Circuit Court did not have jurisdiction over him to accept his guilty plea and sentence him to imprisonment. Specifically, he claims that his detention in the juvenile facility invoked exclusive juvenile jurisdiction, and before the circuit court could exercise its jurisdiction, a transfer hearing was required. In the absence of such a hearing, appellant claimed the circuit court was without jurisdiction. In its order denying appellant's petition, the court held that the circuit court, not the juvenile court, had jurisdiction and that "[m]ere detention in a juvenile facility does not give juvenile court jurisdiction." We agree.

Arkansas Code Annotated § 9-27-310(a) (Repl. 1987), which was in effect when the appellant entered his plea, provided that juvenile proceedings are commenced by filing a proper petition or by transfer by another court. In the instant case, neither a petition nor a transfer was ever filed in circuit court. Appellant's belief that his stay in the juvenile facility gave the juvenile court exclusive jurisdiction is incorrect. See Troutt Bros. v. Emison, 311 Ark. 27, 28, 841 S.W.2d 604, 605 (1992).

In Troutt Bros., two sixteen-year-old girls and one fifteen-year-old girl were arrested-one for stabbing a victim to death, another for carrying a deadly weapon, and the third for felony theft. Following their arrests, the three girls were transported to the Craighead County Juvenile Detention Center. Id. The girls could have been charged as adults under Ark. Code Ann. § 9-27-318 (Repl. 1991) or as juveniles and remained in the juvenile facility until the juvenile division of the chancery court ordered otherwise. Id. at 28, 841 S.W.2d at 605. According to this court, because none of the juveniles had been charged in the juvenile division of chancery court, no juvenile proceedings had commenced. Id. (citing Ark. Code Ann. § 9-27-310 (Repl. 1991)). Because no juvenile proceedings had commenced against appellant in the instant case, the circuit court acquired jurisdiction over the criminal proceedings upon the filing of the information charging appellant as an adult. See Walker v. State, 309 Ark. 23, 24, 827 S.W.2d 637, 638 (1992).

Appellant cites Webb v. State, 318 Ark. 581, 886 S.W.2d 624 (1994) and Thomas v. State, 345 Ark. 236, 45 S.W.3d 818 (2001) in support of his claim; however, both cases address the issue of a juvenile court obtaining jurisdiction by a valid transfer of

the case from the circuit court to the juvenile court. That is not the case here. Appellant also cites *Kent v. United States*, 383 U.S. 541 (1966), in which a sixteen-year-old defendant was taken into custody while still on probation as a result of prior juvenile proceedings. *Id.* at 543. Without holding a hearing, the juvenile court waived jurisdiction and ordered that Kent be held for trial in the United States District Court. *Id.* at 546. The United States Supreme Court held that the juvenile court did not comply with required procedures for waiving jurisdiction; however, appellant's reliance on *Kent* is misplaced. Unlike *Kent*, the juvenile court in this case never had jurisdiction over appellant that could be waived. Because we find no merit to appellant's claim, we affirm the circuit court's denial of his petition.

Affirmed.