2009 Ark. 545

**Guy JONES, Appellant,**

v.

**J. Eric TURNER and Carco of Arkansas, Inc., Appellees.**

**No. 08–1438.**

Supreme Court of Arkansas.

Nov. 5, 2009.

Guy Jones, Conway, pro se.

Jack Nelson Jones Fink Jiles & Gregory, P.A., by: Gary D. Jiles and Matthew K. Brown, Conway, for appellees.

JIM GUNTER, Justice.

Appellant appeals the circuit court's grant of dismissal due to invalid service of process, after appellant served appellees with an unsigned copy of the complaint that was filed with the court. Appellant argues that the circuit court's dismissal was an improper Rule 11 sanction; that Rule 4 has no signature requirement as interpreted by the circuit court; and that the circuit court's finding that Rule 11 requires service of signed copies impermissibly expands the requirements of Rules 4 and 11. We accepted certification of this case from the Arkansas Court of Appeals, as it involves an issue of first impression and a substantial question of law concerning an interpretation of the rules of civil procedure. Therefore, we have jurisdiction pursuant to Ark. Sup.Ct. R. 1–2(b)(1) and (6). We reverse.

On March 31, 2008, appellant filed a complaint in the Faulkner County Circuit Court, ⌊₂seeking repayment of certain debts owed to him by appellees. On April 21, 2008, appellees responded by filing a motion to dismiss, arguing that, while the complaint filed with the court was signed by appellant, the complaint served upon appellees was not signed by appellant as required by Rule 11 of the Arkansas Rules of Civil Procedure and was therefore a nullity. In the alternative, appellees also asserted that appellant's complaint should be dismissed pursuant to Rule 12(b)(6), as he had failed to state facts upon which relief can be granted. Appellant responded to this motion to dismiss by arguing that, under Rule 11, only the pleading filed with the court was required to be signed, and he was only required to provide a copy of the pleading to appellees.

A hearing on the motion to dismiss was held on June 16, 2008. At the hearing, appellees argued that, by serving appellees with an unsigned copy of the complaint, appellant had failed to obtain valid service of process pursuant to Rule 4 of the Arkansas Rules of Civil Procedure. In response, appellant again asserted that the only pleadings requiring a signature are those filed with the court. Appellant stated to the court:

> Now, they were served with the file marked copies of the complaint and the interrogatories that were attached to it.

I will tell the Court, they did not have a signature on it because I printed those documents. I signed the initial copy of the original copy, took it to the Clerk's office and had it filed. File marked the others, attached the summons to it, sent it out to them. Give it to a process server and get it served.

Now if I've got it served, you're telling me that you want, in addition to that, anything I deliver to them to have my signature. I have no problem with that, be glad to.

Appellees argued that appellant cited no authority for the proposition that only the clerk's |₃copy need be signed and reiterated that, under Rule 4, service was improper. In an order entered August 15, 2008, the circuit court granted appellees' motion to dismiss, finding

3. That the failure of Plaintiff to serve a signed Complaint on Defendants was brought to Plaintiff's attention via Defendants' Motion to Dismiss filed on or about April 21, 2008; however, no attempt has been made to correct this error.

4. That Rule 4 of the Arkansas Rules of Civil Procedure require[s] a summons and complaint to be served together in order to effectuate proper service of process.

5. That the failure of Plaintiff to serve a signed Complaint on Defendants invalidates Plaintiff's service of process on Defendants.

The court dismissed appellant's complaint without prejudice. Appellant then filed a timely notice of appeal on September 12, 2008.

 This court reviews a circuit court's construction of a rule de novo. *Sturdivant v. Sturdivant*, 367 Ark. 514, 241 S.W.3d 740 (2006). We are not bound by the circuit court's decision; however, in the absence of a showing that the court erred in its interpretation of the rule, that interpretation will be accepted as correct on appeal. *Id.* Language of a rule that is plain and not ambiguous must be given its obvious and plain meaning. *Id.* Neither rules of construction nor rules of interpretation may be used to defeat the clear and certain meaning of a rule provision. *Id.*

 Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003). Our case law is equally well settled that statutory-service requirements, being in derogation of common-law rights, must be strictly construed and |₄compliance with them must be exact. *Id.* This court has held that the same reasoning applies to service requirements imposed by court rules. *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996).

On appeal, appellant contends that the circuit court's dismissal was actually a Rule 11 sanction and that, because the pleadings he filed with the court were signed, there was no violation of either Rule 4 or Rule 11 that merited dismissal of the action. Appellant first asserts that the safe-harbor provision of Rule 11(b) was violated, as he was not given the requisite notice of the motion to dismiss twenty-one days before it was filed with the court. Appellant argues that the purpose behind imposing Rule 11 sanctions, which is to deter litigation abuse, is inapplicable, and that Rule 4 has no signature requirement as interpreted by the circuit court. Appellant also argues that the circuit court's finding that Rule 11 requires service of signed copies impermissibly expands the requirements of Rules 4 and 11. And finally, appellant takes issue with the fact that appellees presented no citations to

authority, other than the rules of civil procedure, in the motion to dismiss.[1]

In response, appellees assert that the real issue in this case, and on appeal, is whether an unsigned copy of a complaint constitutes a copy of that complaint for purposes of Rule 4(d). Appellees urge that the circuit court correctly answered that question in the negative because the complaint served on appellees was, in fact, not a copy of the complaint filed with the clerk's office, precisely because it was not signed. Appellees contend that appellant has offered so-called "strawman arguments" that (1) the circuit court erroneously ruled that Rule 4 requires an "exact" copy of a complaint be served on a party, and (2) the dismissal was an inappropriate Rule 11 sanction. Appellees argue that, contrary to appellant's assertions, the circuit court's order did not require an "exact" copy, nor was the order a sanction pursuant to Rule 11.

In support of the circuit court's order, appellees point out that, although Rule 4(d) does not specifically state that the complaint served on a defendant should be signed, that requirement is already covered by Rule 11, which requires all pleadings to be signed. Further, appellees argue by way of analogy that, although Rule 4(d) does not require the summons to be signed, either, this court has held that service of a summons not signed by the clerk is not valid to effect service of process. *See Carruth, supra.*

We first note that the court's order of dismissal was not a Rule 11 sanction, and thus any arguments concerning whether such a sanction was proper are inapplicable. We do find merit, however, in appellant's contention that Rule 4 has

no signature requirement as interpreted by the circuit court. Rule 4(d) of the Arkansas Rules of Civil Procedure provides, in pertinent part: "A copy of the summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary." Ark. R. Civ. P. 4(d) (2009). There is no explicit requirement in the text of this rule that the copy of the complaint be signed. The parties agree that the copy of the complaint served upon appellees is identical to the complaint filed with the court, sans signature, and, although appellees are correct that Rule 4(d) does not explicitly require the summons to be signed, subsection (b) clearly states that the summons "shall be dated and signed by the clerk." Hence, following our strict compliance standard, this court has held that dismissal for failure of service of process is proper where the summons was not signed by the clerk as required by Rule 4(b). *See Carruth, supra.* Likewise, this court will not impose a signature requirement when there is no such requirement found in the rule. Therefore, given the text of Rule 4 as discussed above, we find that appellees were not entitled to dismissal for failure to effect proper service of process.

Reversed and remanded.

---

1. Appellant also provides a list of cases, mostly from other jurisdictions, with a short explanation of the holding of each case, but with no explanation or argument as to how these holdings should be applied to the present case.