SLIP OPINION

Cite as 2014 Ark. App. 590

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–14–422

| | |
|---|---|
| ROY McMAHAN | **Opinion Delivered** OCTOBER 29, 2014 |
| APPELLANT | |
| | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. JV12-838-3] |
| V. | |
| | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILD | HONORABLE STACEY ZIMMERMAN, JUDGE |
| APPELLEES | REVERSED AND DISMISSED |

**DAVID M. GLOVER, Judge**

The issue in this case is whether service of a termination–of–parental–rights petition on appellant Roy McMahan was proper. We hold that it was not; therefore, we reverse and dismiss.

At the termination hearing, McMahan (who was incarcerated at the time the Department of Human Services (DHS) filed the petition to terminate his parental rights to his son, JM), raised the issue of improper service of the petition.[1] After taking testimony on the issue, the trial court found that he had been properly served; McMahan's parental rights were terminated by order filed on March 4, 2014. In that order, the trial court specifically

---

[1]This is not the first time the issue of proper service has been raised in this case. In an order filed on November 22, 2013, in which JM's mother's parental rights were terminated, the trial court found that as to McMahan, the petition to terminate was denied because McMahan had not been properly served pursuant to Rule 5 of the Arkansas Rules of Civil Procedure.

SLIP OPINION

found that on December 20, 2013, McMahan was served in person pursuant to the Rules of Civil Procedure.

Arkansas Code Annotated section 9-27-341(b)(2)(A) (Supp. 2013) provides:

The petitioner shall serve the petition to terminate parental rights as required under Rule 5 of the Arkansas Rules of Civil Procedure, except:

(i) Service shall be made as required under Rule 4 of the Arkansas Rules of Civil Procedure if the:

(*a*) Parent was not served under Rule 4 of the Arkansas Rules of Civil Procedure at the initiation of the proceeding;
(*b*) Parent is not represented by an attorney; or
(*c*) Initiation of the proceeding was more than two (2) years ago; or

(ii) When the court orders service of the petition to terminate parental rights as required under Rule 4 of the Arkansas Rules of Civil Procedure.

Here, all parties agree that service was required under Rule 4, not Rule 5. McMahan points out in his brief that there was no proof he was served pursuant to Rule 4 "at the initiation of the proceeding," thereby requiring service under Rule 4; DHS does not refute this assertion.

Rule 4 of the Arkansas Rules of Civil Procedure provides, in pertinent part:

(d) *Personal Service Inside the State.* A copy of the summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made upon any person designated by statute to receive service or as follows:

. . . .

(4) Where the defendant is incarcerated in any jail, penitentiary, or other correctional facility in this state, service must be upon the administrator of the institution, who shall deliver a copy of the summons and complaint to the defendant. A copy of the summons and complaint shall also be sent to the defendant by first class mail and marked as "legal mail" and, unless the court otherwise directs, to the defendant's spouse, if any.

At the termination hearing, McMahan's attorney raised the issue of improper service. On McMahan's behalf, he acknowledged that service on the prison warden had been correctly performed under Rule 4(d)(4), but he took issue with the lack of compliance with the second sentence in Rule 4(d)(4)—specifically, that DHS had failed to send a copy of the summons and complaint to McMahan by first-class mail and marked as "legal mail." McMahan's attorney then asked for a dismissal for improper service based on that provision.

At the hearing, McMahan testified that he was currently incarcerated at the Tucker Unit of the Arkansas Department of Correction and had been there since November 2013; that he was served with the termination-of-parental-rights petition by the warden in December 2013; but that he did not receive any legal mail while he was incarcerated. McMahan also testified that he was earlier served in person with the petition to terminate his parental rights by a lieutenant when he had been in the Washington County jail. On cross-examination by his counsel, McMahan reiterated that at no time while he was incarcerated at the Tucker prison unit did he receive a first-class letter marked "legal mail" either from DHS or from the court.

Jodie Reynolds, a legal assistant for Washington County DHS, testified one of her duties was to make sure that defendants were served in termination-of-parental-rights cases. Reynolds testified that after the November 2013 termination hearing (in which the trial court refused to terminate McMahan's parental rights because he was not properly served), she took a copy of the termination petition together with a summons on November 21, 2013, to the Washington County jail and gave both of them to the administrator. Reynolds also stated

that she made additional service on McMahan by sending him a copy of the petition and summons certified mail and restricted delivery to the warden of the Tucker prison unit. She further testified that she also mailed a copy directly to McMahan first-class and stamped "legal mail." Reynolds said that she was sure she had sent McMahan a copy, although she did not have the file and was not sure if a copy of that communication was in the file. At that point, counsel for DHS moved to introduce into evidence Reynolds's letter addressed to McMahan and dated December 16.

McMahan was recalled to the witness stand and again testified that he never received a copy of the December 16 letter while he was at the Tucker prison unit.

The trial court found that service was proper on McMahan at the Washington County jail, because he was personally served there. The trial court further found that service was proper on the warden at the Tucker prison unit.[2] Based on Reynolds's testimony that she had sent McMahan a copy of the summons and complaint by legal mail, the trial court found that DHS had complied with the service requirements of Rule 4.

Service of valid process is necessary to give a court jurisdiction over a defendant. *Jones v. Turner*, 2009 Ark. 545, 354 S.W.3d 57. When there has been no proper service—therefore no personal jurisdiction over the defendants of a case—any judgment is void ab initio. *State v. West*, 2014 Ark. 174. As statutory service requirements are in derogation of common-law rights, they must be strictly construed, and compliance with them must be exact. *Id.* The

---

[2] Service on the warden at Tucker is not an issue, as McMahan concedes that portion of the service was correctly performed.

same reasoning applies to service requirements imposed by court rules. *Jones*, *supra*. Our service rules place "an extremely heavy burden *on the plaintiff* to demonstrate that compliance with those rules has been had." *Brown v. Arkansas Dep't of Human Servs.*, 2013 Ark. App. 201, at 4 (citing *Dobbs v. Discover Bank*, 2012 Ark. App. 678, at 8, 425 S.W.3d 50, 55 (emphasis in original)). Our appellate courts review a circuit court's factual conclusions regarding service of process under a clearly erroneous standard, but when a complaint is dismissed on a question of law, we conduct a de novo review. *West*, *supra*.

Upon these facts, we cannot agree that service was properly obtained in this case. The requirement at issue here was whether DHS sent a copy of the summons and complaint via first-class mail marked "legal mail" to McMahan at the Tucker prison unit. McMahan testified that he never received such mail; Reynolds testified that she did in fact send McMahan such mail. The trial court believed Reynolds's testimony. However, the only document sent to McMahan at Tucker that was entered into evidence by DHS was a letter dated December 16, 2013. The letter, which indicates that it was hand delivered, states:

> Pursuant to Rule 4 of the Arkansas Rules of Civil Procedure, you are herewith served the enclosed summons.
>
> Please note that a hearing regarding Termination of Parental Rights has been scheduled for February 14, 2014, at 1:30 p.m., at the Washington County Courthouse, Juvenile Division. Your presence at such hearing is required.

The letter indicates that it was hand delivered, not mailed first-class mail with the notation of "legal mail." Further, the letter indicates that only the summons was enclosed, not the petition for termination of parental rights. Service requirements are strictly construed and require exact compliance. Because DHS did not strictly comply with the service

5

requirements for incarcerated individuals pursuant to Rule 4 of the Arkansas Rules of Civil Procedure, the trial court clearly erred in finding that service was proper and denying the motion to dismiss for lack of proper service.

DHS argues that McMahan was handed two summonses—one at the Washington County jail and another one from the warden of the Tucker prison unit. This argument, however, does not address the failure to comport with the service requirement that McMahan be sent a copy of the summons and complaint via first-class mail marked "legal mail." Actual knowledge of a proceeding does not validate defective process. *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996).

DHS further argues that McMahan's argument should be rejected because "it takes the 'strict compliance' doctrine in Arkansas to an extreme extent." DHS contends that McMahan had the burden to produce the envelope marked "legal mail." Such an argument defies logic, as McMahan testified that he never received such an envelope. It was DHS's burden, as the plaintiff, to demonstrate compliance with the service rules, not McMahan's burden. *Brown*, *supra*. DHS failed to prove that it had strictly complied with the service requirements for an incarcerated defendant—its own exhibit, the December 16, 2013 letter, directly contradicts Reynolds's testimony. Because the service requirements were not strictly complied with, the trial court clearly erred in denying McMahan's motion to dismiss the petition to terminate his parental rights.

Reversed and dismissed.

HARRISON and WYNNE, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, Dependency-Neglect Appellate Division, for appellant.

*Tabitha Baertels McNulty*, Office of Policy and Legal Services, for appellee.

*Chrestman Group, PLLC*, by: *Keith Chrestman*, attorney ad litem for minor child.