SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-764

| | |
|---|---|
| | **Opinion Delivered** March 11, 2015 |
| TERRANCE WILLIAMS and JOYCE MULLEN | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| APPELLANTS | [No. CV-2013-237-2] |
| V. | HONORABLE ROBERT H. WYATT, JR., JUDGE |
| STANT USA CORP., and LANETTA PLUNKETT and EDDIE POWERS JOHN DOES 1-10 | |
| APPELLEES | AFFIRMED AS MODIFIED |

## LARRY D. VAUGHT, Judge

Appellants Terrance Williams and Joyce Mullen appeal the Jefferson County Circuit Court's dismissal with prejudice of their employment-discrimination and retaliation claims against appellee Stant USA Corp. ("Stant"). We affirm the dismissal with prejudice of Williams's claims and Mullen's discrimination claim. We affirm the dismissal of Mullen's retaliation claim but modify the dismissal to be without prejudice.

Terrence Williams filed this lawsuit against Stant, two individual defendants, and ten unnamed John Doe defendants, alleging race discrimination and retaliation under the Arkansas Civil Rights Act (ACRA), as codified at Arkansas Code Annotated section 16-123-105 et seq., and common-law defamation. This complaint was never timely served on Stant. Williams filed an amended complaint that added a second plaintiff, Joyce Mullen. Williams's claims remained the same, and Mullen alleged race discrimination and retaliation under the ACRA. Stant moved

to dismiss for failure to obtain timely service under Rule 4(i), arguing that neither the original complaint nor the amended complaint was served within 120 days from the date of filing.[1] The court granted the motion and dismissed all of Williams's claims and Mullen's discrimination claim with prejudice because the applicable statutes of limitations had run on those claims.[2] The court then dismissed Mullen's retaliation claim for failure to obtain timely service, but noted that the limitations period as to this claim had not yet run. The circuit court ordered that the dismissal of Mullen's retaliation claim be with prejudice because Mullen had filed a separate federal lawsuit against the same defendants on the same set of facts alleging discrimination and retaliation under federal law. The dismissal order stated that Stant was the only remaining defendant and the dismissal of Stant therefore required dismissal of the entire action.[3] Appellants filed a timely notice of appeal. The only issue on appeal is whether the circuit court erred in mandating that all claims should be dismissed with prejudice rather than without prejudice.

"[We] review a circuit court's factual conclusions regarding service of process under a clearly erroneous standard, but when a complaint is dismissed on a question of law, we conduct a de novo review." *McMahan v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 590, at 5, 446 S.W.3d 640, 642. Service of valid process is necessary to give a circuit court jurisdiction over a defendant. *Jones v. Turner*, 2009 Ark. 545, 354 S.W.3d 57. As statutory service requirements are

---

[1]Appellants admit on appeal that they failed to timely serve Stant.

[2]Appellants have not challenged, either at the circuit court or on appeal, the finding that the relevant limitations periods had expired. Therefore, the issue is not before us.

[3]The two individual defendants had been previously dismissed, and all claims against the unserved John Doe defendants were automatically dismissed by the circuit court's final judgment pursuant to Rule 54(b)(5) of the Arkansas Rules of Civil Procedure.

in derogation of common-law rights, they must be strictly construed, and compliance with them must be exact. *McMahan*, 2014 Ark. App. 590, at 4–5, 446 S.W.3d at 642. The same reasoning applies to service requirements imposed by court rules. *Id.*, 446 S.W.3d at 642. Our service rules place "an extremely heavy burden *on the plaintiff* to demonstrate that compliance with those rules has been had." *Brown v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 201, at 4 (citing *Dobbs v. Discover Bank*, 2012 Ark. App. 678, at 8, 425 S.W.3d 50, 55 (emphasis in original)).

Appellants argue that the circuit court erred in dismissing Williams's ACRA and common-law claims and Mullen's ACRA discrimination claim with prejudice. Their only argument on appeal is that the circuit court should have dismissed the claims without prejudice to avoid the risk that the dismissals may be res judicata to their pending federal claims. This argument is wholly without merit. It is undisputed on appeal that (1) appellants' complaint and amended complaint raised only state-law claims, (2) the claims were not served on Stant within 120 days, and (3) the applicable statutes of limitations had run on these claims at the time of dismissal. Rule 4(i) of the Arkansas Rules of Civil Procedure provides in pertinent part:

> (i) Time Limit for Service: If service of the summons is not made upon a defendant within 120 days after filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause . . .

The Arkansas Supreme Court has repeatedly held that Rule 4(i) must be read in light of other procedural rules, such as the statute of limitations. *McCoy v. Montgomery*, 370 Ark. 333, 337, 259 S.W.3d 430, 433 (2007); *Bodiford v. Bess*, 330 Ark. 713, 715, 956 S.W.2d 861, 862 (1997); *Green v. Wiggins*, 304 Ark. 484, 489, 803 S.W.2d 536, 539 (1991). "[T]he dismissal without prejudice

language [in Rule 4(i)] does not apply if the plaintiff's action is otherwise barred by the running of a statute of limitations." *McCoy*, 370 Ark. at 337, 259 S.W.3d at 433–34. Therefore, the circuit court properly dismissed appellants' ACRA and tort claims with prejudice.[4]

Next, Mullen argues that the circuit court erred in dismissing her retaliation claim with prejudice. As with the other claims, it was dismissed for failure to serve Stant within 120 days. However, it is undisputed that the statute of limitations had not yet run on Mullen's retaliation claim at the time of dismissal. The circuit court stated that it was dismissing Mullen's retaliation claim with prejudice because she had already filed a federal lawsuit against the same defendants regarding the same subject matter, and the federal case was currently pending at the time of dismissal. Mullen argues that the pending federal lawsuit provided no legal basis for transforming a Rule 4(i) dismissal, which would normally be without prejudice, into a with-prejudice dismissal. We agree.

In *Baptist Health v. Murphy*, 2010 Ark. 358, at 8, 373 S.W.3d 269, 278, our supreme court explained that "[i]t is well settled that federal district courts and state courts are separate jurisdictions, and identical cases between the same parties can proceed simultaneously." The circuit court relied upon Rule 12(b)(8) of the Arkansas Rules of Civil Procedure in dismissing Mullen's retaliation claim with prejudice. Our supreme court has directly addressed this issue and ruled that Rule 12(b)(8) only applies when identical claims are pending in two state courts.

---

[4]We have no authority to determine how a federal court will evaluate the circuit court's dismissal of these claims. Appellants' arguments regarding res judicata are not before us and would more appropriately be aimed at the federal court. Under our well-settled precedents, the circuit court properly dismissed Williams's ACRA claims, Williams's defamation claim, and Mullen's ACRA discrimination claim with prejudice.

In *National Bank of Commerce v. Dow Chemical Company*, 327 Ark. 504, 507, 938 S.W.2d 847, 849 (1997), the court explained,

> Rule 12(b)(8) does not confer any discretion upon an Arkansas court confronted with a motion to dismiss when the same action is pending between identical parties in a different "jurisdiction," such as a federal court or the court of another state. In such a case, as in this case, it is enough to say Rule 12(b)(8) simply does not apply. We must therefore, conclude that the trial court lacked authority to dismiss the state action without prejudice.

*Id.* Therefore, because Rule 12(b)(8) is inapplicable to this case and would provide no basis for dismissal, it also provides no basis for transforming a non-prejudicial dismissal into one with prejudice.

Stant argues that appellants filed their federal claim solely to avoid the consequences of the state-court dismissal and that it should not be burdened with the expense of defending Mullen's retaliation claim in both state and federal court. However, they provide no legal authority supporting either argument and provide us with no legal basis for affirming the with-prejudice dismissal. As the court made clear in *Baptist*, *supra*, identical cases may simultaneously proceed in state and federal courts, meaning that defendants may be required to simultaneously defend both suits. Without a legal basis for deviating from the plain language of Rule 4(i), which mandates a dismissal without prejudice, the circuit court's dismissal with prejudice of Mullen's retaliation claim was clear error. Accordingly, we correct the circuit court's dismissal order and judgment to reflect that Mullen's retaliation claim under the ACRA is dismissed without prejudice.

Affirmed as modified.

HARRISON and WHITEAKER, JJ., agree.

*Sutter & Gilliham, P.L.L.C.*, by: *Luther Oneal Sutter*, for appellants.

*Law Offices of Cary Schwimmer*, by: *Cary Schwimmer*; and *Ramsay, Bridgforth, Robinson & Raley LLP*, by: *Spencer F. Robinson*, for appellee.