RHONDA K. WOOD, Associate Justice
Appellant Willie G. Davis, Jr., appeals the Jefferson County Circuit Court's order granting the Appellees'[1] motion to dismiss *270 with prejudice and designation of the dismissal as a strike under Ark. Code Ann. § 16-68-607 (Supp. 2017). Because Davis failed to perfect service on Appellees, we affirm the circuit court's dismissal, but modify it as a dismissal without prejudice. We reverse the circuit court's designation of the dismissal as a strike because the circuit court lacked jurisdiction to consider the merits.
I. Background
Willie G. Davis, Jr., is serving a life sentence in the Arkansas Department of Correction for various convictions, including first-degree murder. In 2010, Davis filed a freedom of information request seeking crime-lab files related to his conviction. Since that initial request, Davis initiated a number of legal actions attempting to obtain the requested documentation. On October 4, 2017, Davis filed a pro se petition for writ of mandamus and complaint for conversion that is the subject of this appeal. He sought a writ to compel Appellees to release the contents of his crime-lab file and monetary damages for conversion of the file.
On December 8, 2017, Appellees filed a motion to dismiss arguing, among other things, that Davis failed to perfect service according to Rule 4 of the Arkansas Rules of Civil Procedure. Davis did not timely respond to the motion to dismiss, but rather filed a motion to extend time for service. The circuit court declined to extend service and granted Appellees' motion to dismiss "with prejudice." In addition, the circuit court designated the dismissal as a "strike." See Ark. Code Ann. § 16-68-607. After the circuit court filed its order granting the motion to dismiss, Davis filed a response to Appellees' motion. This appeal followed.
II. Standard of Review
We review a circuit court's decision to grant a motion to dismiss for an abuse of discretion. Dockery v. Morgan , 2011 Ark. 94, at 6, 380 S.W.3d 377, 382. Under this standard, the facts alleged in the complaint are taken as true and are viewed in the light most favorable to the complainant. Id. For the circuit court to have abused its discretion it must have acted improvidently, thoughtlessly, or without due consideration. GSS, LLC v. CenterPoint Energy Gas Transmission Co. , 2014 Ark. 144, at 8, 432 S.W.3d 583, 588.
III. Analysis
Arkansas law has long held that valid service of process is necessary to give a court jurisdiction over a defendant. Jones v. Turner , 2009 Ark. 545, at 3, 354 S.W.3d 57, 59. Indeed, without valid process, the circuit court lacks jurisdiction over a defendant and any judgment rendered thereafter is void ab inito. See, e.g. , Taylor v. Zanone Props. , 342 Ark. 465, 474, 30 S.W.3d 74, 79 (2000) ; Sides v. Kirchoff , 316 Ark. 680, 682, 874 S.W.2d 373, 374 (1994).
A. Insufficient Process
Appellees' motion to dismiss argued that Davis failed to perfect service. If service of a valid summons and a copy of the complaint is not made within 120 days after filing the complaint, the action shall be dismissed without prejudice. Ark. R. Civ. P. 4(i). The circuit court dismissed the action after the 120 days expired. On appeal, Davis does not argue that he obtained valid service, but rather that any failure to obtain service is not his fault.
The record does not reflect any attempt by Davis to serve either DePriest or Rutledge within the 120 days provided by Rule 4. Appellees allege Davis's attempt to *271 serve Kelley was insufficient because he failed to comply with Rule 4(b) and (d). Specifically, Appellees contend that the plaintiff's name and address portion of the summons was noncompliant with Ark. R. Civ. P. 4(b) insofar as it was completely blank. Appellees further argue that the attempted service on Kelley violated Ark. R. Civ. P. 4(d)(8)(A)(i) because service was sent by regular U.S. Postal Service mail and failed to restrict delivery to the person being served. Finally, although Davis's petition references twenty-one exhibits, the package he mailed Kelley only included four. In neglecting to include the remaining seventeen exhibits, Appellees argue that failure to provide a complete copy of the petition does not comport with the requirements of Rule 4(d). Ark. R. Civ. P. 4(d) ("A copy of the summons and complaint shall be served together.") (emphasis added).
Davis learned of these deficiencies almost sixty days before the service deadline; however, he did not reattempt service. As a result, the 120 days for service expired and the circuit court entered the dismissal order. Again, he does not deny his failure to serve Appellees. Instead, he blames the circuit clerk for the error. This argument is unavailing and not preserved on appeal. Indeed, Davis filed his response to the motion to dismiss well after time had run and after the circuit court issued its ruling. See, e.g. , Taylor v. Taylor , 369 Ark. 31, 38, 250 S.W.3d 232, 238 (2007) (maintaining that this court will not consider arguments that are not raised before the circuit court and ruled upon).
Davis failed to perfect service on the Appellees within the time provided by Rule 4. Accordingly, we find that the circuit court did not abuse its discretion in granting Appellees' motion to dismiss. However, dismissal should have been without prejudice. Arkansas Rule of Civil Procedure 4(i)(1) plainly states that "[i]f service of the summons and a copy of the complaint is not made upon a defendant within 120 days after the filing of the complaint ... the action shall be dismissed as to that defendant without prejudice. " Ark. R. Civ. P. 4(i)(1) (emphasis added). In similar situations, our practice has been to affirm the result but modify dismissal to be without prejudice. See, e.g. , Malone v. Trans-States Lines, Inc. , 325 Ark. 383, 387, 926 S.W.2d 659, 662 (1996) ; Hubbard v. Shores Grp., Inc. , 313 Ark. 498, 504, 855 S.W.2d 924, 928 (1993) ; Spires v. Members of Election Comm'n of Union Cty. , 302 Ark. 407, 410, 790 S.W.2d 167, 169 (1990). Therefore, we modify the order dismissing the case to "without prejudice."
B. Dismissal as a Strike
Finally, when a circuit court lacks jurisdiction over a defendant, any judgment rendered thereafter is void ab inito. E.g. , Raymond v. Raymond , 343 Ark. 480, 485, 36 S.W.3d 733, 735 (2001) ; see also Zanone Props. , supra ; Kirchoff , supra. Here, the circuit court's order granted the Appellees' motion to dismiss and designated the dismissal as a strike under Ark. Code Ann. § 16-68-607.
For a dismissal to constitute a strike, the circuit court must have determined that Davis's cause of action was frivolous or malicious, or that Davis failed to state a claim upon which relief may be granted. See Ark. Code Ann. § 16-68-607(b). Either inquiry would have required the court to go beyond the threshold determination of whether Davis served Appellees with valid process. Upon determining that summons and service of process were insufficient in this case, the court lacked jurisdiction to designate the dismissal as a strike pursuant to Ark. Code Ann. § 16-68-607. Accordingly, we reverse *272 the court's designation of Davis's dismissal as a "strike."
Affirmed as modified in part; reversed in part.
Hart, J., concurs.
Baker, J., dissents.
Josephine Linker Hart, Justice, concurring.
I write separately because I wish to note a disturbing aspect of this case-the reason why the named defendants were not served in this case.
As the majority notes, in the State's motion to dismiss Mr. Davis's complaint it asserted that the summons was incomplete. This deficiency cannot be blamed on Mr. Davis as Rule 4(a) of the Arkansas Rules of Civil Procedure charges the circuit clerk with issuing the summons: "Issuance. Upon the filing of the complaint, the clerk shall forthwith issue a summons and cause it to be delivered for service to a person authorized by this rule to serve process." The omission of Mr. Davis's return address must be attributed to the conscious actions of the circuit clerk because it was plainly written at the end of his complaint.
I concur.

Director of the Arkansas Department of Correction, Wendy Kelley; Chief Legal Counsel for the Arkansas Department of Correction, James DePriest; and Arkansas Attorney General Leslie Rutledge ("Appellees").