Cite as 2021 Ark. App. 262

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-20-440

| | | |
|---|---|---|
| GARY LEE GOULD | | **OPINION DELIVERED** MAY 26, 2021 |
| | APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-17-680] |
| V. | | HONORABLE JODI RAINES DENNIS, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Judge

Gary Lee Gould appeals from his March 12, 2020 conviction on the charge of battery in the first degree. He argues that the absence of a file mark on the criminal information filed by the State deprived the circuit court of jurisdiction, thereby rendering the sentencing order void ab initio. We affirm.

On September 28, 2017, while incarcerated at the Tucker Maximum Security Unit, Gould attacked on-duty correctional officer James Duke by repeatedly hitting him in the head. The State charged Gould, who had previously been convicted or found guilty of four or more offenses, with battery in the first degree, a Class B felony, in violation of Arkansas Code Annotated § 5-13-201 (Supp. 2019), pursuant to an information filed in Jefferson County Circuit Court case number 35CR-17-680. The notarized information was entered by the circuit clerk on December 14, 2017, and included a file-marked criminal cover sheet referencing the "attached information[.]" Although the criminal information cover sheet

required by Arkansas Supreme Court Administrative Order No. 8 bears a file-mark date of December 14, 2017, the information itself lacks a file mark.

A jury trial was held on March 6, 2020, and the resulting March 12 sentencing order indicated that the jury had found Gould guilty of battery in the first degree. He was sentenced, as a habitual offender, to 480 months in the Arkansas Department of Correction, and a $15,000 fine was imposed. Gould, through counsel, filed his notice of appeal on April 13.[1]

A circuit court acquires jurisdiction over a criminal case upon the filing of an information. *Morgan v. Norris*, 355 Ark. 678, 680, 144 S.W.3d 243, 244 (2004). When a court lacks jurisdiction over a defendant, any judgment rendered thereafter is void ab initio. *Davis v. Kelley*, 2019 Ark. 64, at 5, 568 S.W.3d 268, 271.

Arkansas Supreme Court Administrative Order No. 2(b)(2) requires that the circuit clerk "denote the date and time such that a judgment, decree, or order is filed by stamping or otherwise marking it with the date and time and the word 'filed.'" Administrative Order No. 2(g) indicates that this "file-mark requirement" applies to every document filed with the circuit clerk. This mark must appear either on the first page of each document, the first

---

[1]A person desiring to appeal an order in a criminal case must file a notice of appeal with the circuit clerk within thirty days from the date of entry of the sentencing order. Ark. R. App. P.–Crim. 2(a). The record on appeal shall be filed with the appellate clerk within ninety days from the filing of the notice of appeal. Ark. R. App. P.–Crim 4(b). When the last day to act under the Rules of Appellate Procedure–Criminal falls on a weekend, such action is extended to the next business day. Ark. R. App. P.–Crim. 17. Rule 2(a) required Gould to file his notice of appeal within thirty days of the March 12, 2020 entry of the sentencing order (April 11). Because April 11 fell on a Saturday, Rule 17 rendered the April 13 filing of his notice of appeal timely.

page of each part of a multi-part document, or a uniform cover page developed specifically to accommodate it. *Id.*

Gould notes that neither page of the information, much less the first one, bears the file mark required by Administrative Order No. 2. He acknowledges that the cover sheet associated with the information does bear such a file mark, but he notes that document was submitted in compliance with Administrative Order No. 8. Gould submits that it does not qualify as a "uniform cover page" for purposes of Administrative Order No. 2.

Gould Argues that because neither the information nor a uniform cover page associated therewith bears a file mark, the information was never "filed" in accordance with Administrative Order No. 2. Accordingly, Gould urges that the circuit court never acquired jurisdiction over this case or, by extension, over him. He argues that the lack of jurisdiction renders the sentencing order void ab initio, and he requests that we vacate the sentencing order and remand with instructions to dismiss his case for lack of jurisdiction.

We disagree and hold that because the December 14, 2017 information included a properly file-marked cover page, Gould's argument fails. Administrative Order No. 2(b)(2) specifically provides that

> [t]he clerk shall denote the date and time that a judgment, decree[,] or order is filed [in a criminal case] by stamping or otherwise marking it with the date and time and the word [']filed[,'] . . . [which] is entered when so stamped or marked[.]

The State acknowledges that generally, this file-mark rule requires that a file mark appear on the first page of each document submitted to the clerk for filing. *See* Ark. Sup. Ct. Admin. Order No. 2(g)(1). Further, if a filing is multi-part, "the first page of each part must include . . . [a] file mark and . . . clearly indicate the part[.]" *Id.*

3

Although the two-page information filed in Gould's case on December 14, 2017, has no file mark, it was accompanied by a file-marked cover sheet that specifically referenced "the attached information" and lists all the pertinent information on the defendant and the crime charged consistent with that attached information. Gould does not contest this but merely asserts that the cover sheet failed to qualify for "purposes" of Administrative Order No. 2. Gould's argument is unpersuasive, given that the file-marked cover sheet filed in his case was virtually identical to the criminal cover sheet prescribed and references the same defendant and offense information. Moreover, Gould fails to cite authority to support his argument, and "[this court] *will not* reverse when a point . . . is unsupported by . . . sufficient citation to legal authority." *Devries v. State*, 2019 Ark. App. 478, at 6, 588 S.W.3d 139, 143 (emphasis added). Accordingly, we reject Gould's claims and affirm his conviction.

Affirmed.

VAUGHT and BROWN, JJ., agree.

*Robinson & Zakrzewski, P.A.*, by: *Luke Zakrzewski*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.