Cite as 2024 Ark. App. 420

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-22-605

|  |  |
|---|---|
| ESTATE OF MRS. GEORGE HOWARD, JR. (VIVIAN)<br><br>APPELLANT<br><br>V.<br><br>DR. JOHN HARRIS<br><br>APPELLEE | **Opinion Delivered** September 11, 2024<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-21-588]<br><br>HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE<br><br>AFFIRMED |

### WAYMOND M. BROWN, Judge

Risie Howard, administratrix for the estate of Mrs. George Howard, Jr. ("Estate"), appeals from an order of the Jefferson County Circuit Court dismissing with prejudice Estate's wrongful-death action against Howard's primary-care physician, Dr. John Harris. The issues on appeal are whether Estate properly effected service, whether identical claims were pending in two state courts, and whether dismissal of the claim with prejudice was proper. We previously remanded the matter to the circuit court to cure deficiencies in the record that prevented this court's ability to fully address all the issues presented on appeal. The record has now been satisfactorily supplemented. We hold that service of process was insufficient, and the two-year statute of limitations applicable to medical-malpractice actions had expired; therefore, we affirm the circuit court's dismissal of Estate's complaint with prejudice.

On July 14, 2021, Estate filed a complaint in the United States District Court for the Eastern District of Arkansas against Baptist Health (A.K.A. Baptist Health Home Health Network); Diamond Risk Insurance Co., L.L.C.; and three individually named defendants—Leah Willett, RN; Alicia Brucks,

speech language pathologist; and Jane Doe, a Baptist Home Health physical therapist. Estate asserted claims of fraudulent concealment, breach of contract, negligence, pain and suffering, failure to diagnose, wrongful death, abuse, and loss of parental consortium. Estate voluntarily nonsuited the federal complaint on July 27.

Estate then filed a state action in the Pulaski County Circuit Court again naming Baptist Health; Diamond Risk Insurance Co.; Leah Willett, RN; and Alicia Brucks, SLP. Estate replaced Jane Doe with Brandi Cantwell, PT,; and added Dr. John Harris. On September 29, with the Pulaski County case pending, Estate filed suit in another state court, the Jefferson County Circuit Court, naming Dr. Harris as the singular defendant. Specifically, in this wrongful-death action concerning the medical care and treatment provided to Mrs. Howard, Estate alleged that Dr. Harris failed to refer Mrs. Howard to a speech therapist in May 2019 and failed to conduct a blood test in October 2019, which Estate claims led to Mrs. Howard's death. Without filing an answer, Dr. Harris moved to dismiss the Jefferson County action under Ark. R. Civ. P. 12(b)(5) for insufficient service of process, under Rule 12(b)(6) for failure to state facts upon which relief can be granted, and under Rule 12(b)(8) for having two pending actions. On June 6, 2022, the circuit court granted Dr. Harris's motion to dismiss with prejudice pursuant to Rules 12(b)(5) and 12(b)(8). In the dismissal order, the Jefferson County Circuit Court found that "[t]he Defendant was not personally served within 120 days from the filing date as required by Ark. R. Civ. P. 4(i). Additionally, the same suit previously filed against this Defendant in Pulaski County remains pending."

Estate moved for reconsideration of the dismissal order, claiming that Dr. Harris was not a defendant in the federal suit, Dr. Harris was adequately served process as evidenced by a proof-of-service form, and dismissal with prejudice is without merit. Dr. Harris responded to the reconsideration motion, stating that the proof-of-service form submitted in the case reflected service on Marlee

Robinson, front-desk receptionist at Baptist Family Clinic in White Hall, who is not his agent. Dr. Harris further pointed out that there was a previous dismissal in federal court, and the statute of limitations expired without Estate perfecting service on him. On June 17, the circuit court denied the motion:

> Defendant points out that while Dr. Harris was not listed as a named party in the style of the non-suited U.S. District Court's action: he is named in the cover sheet, prepared by Plaintiff, and Plaintiff alleged in the body of her Complaint that Dr. Harris committed malpractice. Therefore, the "style" of that case is unimportant. Plaintiff sued D. Harris in the non-suited U.S. District Court action. Further this Complaint, on its face, shows that Plaintiff's action is time barred and Dr. Harris was not served within 120 days from filing.

On June 25, Estate moved to vacate the June 17 order denying the motion for reconsideration. Estate then filed the instant appeal on July 5 without first obtaining a ruling on the motion to vacate. Estate now appeals from the order granting the motion to dismiss with prejudice and the order denying the motion for reconsideration.

On appeal, Estate first argues that the circuit court erred in dismissing its complaint against Dr. Harris due to insufficiency of process. Service of valid process is necessary to give a court jurisdiction over a defendant; service requirements, being in derogation of common-law rights, must be strictly construed, and compliance with them must be exact.[1] When issues turn on court rules and precedents about commencement of service, which are issues of law, our review is de novo.[2] But appellate courts review a circuit court's factual conclusions regarding service of process under a clearly erroneous standard.[3] Disputes over the sufficiency of service raise questions of fact, and the credibility of the evidence to rebut proof of service is a matter for the circuit court to decide.[4] Our service rules place an

---

[1] *Tinney v. Childs*, 2023 Ark. App. 255, 668 S.W.3d 516.

[2] *McCoy v. Robertson*, 2018 Ark. App. 279, 550 S.W.3d 33.

[3] *Wright v. Wright*, 2023 Ark. App. 512, 678 S.W.3d 640.

[4] *Thomas v. Gray*, 2023 Ark. App. 281, 669 S.W.3d 37.

extremely heavy burden on the plaintiff to demonstrate that compliance with those rules has been had.[5]

A finding regarding the sufficiency of service is not disturbed on appeal unless the appellate court is left

with a definite and firm conviction that a mistake has been committed.[6]

Rule 4(i)(1) of the Arkansas Rules of Civil Procedure provides:

> If service of the summons and a copy of the complaint is not made upon a defendant within 120 days after the filing of the complaint or within the time period established by an extension granted pursuant to paragraph (2), the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If service is by mail or by commercial delivery company pursuant to subdivision (d)(8)(A) & (C) of this rule, service shall be deemed to have been made for purposes of this subdivision (i) on the date that the process was accepted or denied.

Here, no motion for extension of time to serve was filed. Pursuant to Rule 4(i) of the Arkansas

Rules of Civil Procedure, if service is not made within 120 days and no timely motion to extend is made,

dismissal of the action is mandatory. However, Rule 4(i) must be read in conjunction with other

procedural rules, such as the statute of limitations, and the dismissal-without-prejudice language in Rule

4(i) does not apply if the plaintiff's actions are otherwise time-barred by the expiration of the statute of

limitations.[7]

Estate argues that the circuit court erred in granting Dr. Harris's motion to dismiss with prejudice

for insufficient service because Dr. Harris was served within the 120-day time frame. Estate elected

personal service as the means to deliver process to Dr. Harris. Ark. R. Civ. P. 4(f)(1) provides that

personal service on a natural person shall be made by:

---

[5]*Williams v. Stant USA Corp.*, 2015 Ark. App. 180, 458 S.W.3d 755.

[6]*Id.*

[7]*McCoy v. Montgomery*, 370 Ark. 333, 259 S.W.3d 430 (2007).

(A) delivering a copy of the process to the defendant personally, or if he or she refuses to receive it after the process server makes his or her purpose clear, by leaving the papers in close proximity to the defendant;

(B) leaving the process with any member of the defendant's family at least 18 years of age at a place where the defendant resides; or

(C) delivering the process to an agent authorized by appointment or by law to receive service of summons on the defendant's behalf.

In the present case, there is no proof presented that Dr. Harris, his family member, or his agent received a copy of the summons and complaint. The proof of service submitted by Estate shows that a copy of the summons and complaint was left with the front-desk receptionist, Marlee Robinson, at Baptist Family Clinic in White Hall. According to Dr. Harris's affidavit, Marlee Robinson is not his agent nor does he have an agent authorized to accept service on his behalf. Dr. Harris further swore that neither he nor any of his family members have personally received process. As such, Estate has not served Dr. Harris in compliance with Rule 4 of the Arkansas Rules of Civil Procedure and dismissal is mandatory.

Estate contends that any error as to sufficiency of process should be disregarded under Ark. R. Civ. P. (4)(k) because "at the very least, the estate substantially complied" with service of process requirements. Rule 4(k) provides:

Any error as to the sufficiency of process or the sufficiency of service of process shall be disregarded if the court determines that the serving party substantially complied with the provisions of this rule and that the defendant received actual notice of the complaint and filed a timely answer.

Estate urges that "[p]roof that [Dr. Harris] received actual notice of the complaint is through the filing of his motions and briefs to dismiss and to disqualify the Estate's counsel." Notably, Estate makes no argument that Dr. Harris filed a "timely answer" as prescribed under Rule 4(k). Further, Estate does not provide any support or authority that a motion to dismiss or disqualify counsel equates to a "timely answer." Dr. Harris did not file an answer to Estate's complaint. Instead, he moved to dismiss the

5

complaint because he had not been served. Despite Estate's urging, we decline to hold that filing a motion to dismiss satisfies the requirements that actual notice be received and a timely answer be filed to invoke the substantial-compliance benefit of Rule 4(k).

Estate presented no proof that service was made on Dr. Harris as prescribed by our statutory rules; therefore, dismissal of the complaint was proper because service was not made within 120 days.

Estate contends that even if dismissal is required, it should be without prejudice because Dr. Harris was not a named defendant in the nonsuited federal case, and "no dismissal with prejudice was warranted." In its order denying Estate's motion for reconsideration, the circuit court explained that the dismissal was with prejudice because there had been a prior dismissal of an action against Dr. Harris in federal court, Dr. Harris was not served within 120 days of filing in the instant case, and the action is now time-barred. Although the circuit court announced multiple independent bases for dismissing with prejudice, Estate challenges only one on appeal—that Dr. Harris was not served within 120 days of filing. Thus, Estate has waived any argument about the statute of limitations.[8] Further, to the extent that Estate raises statute-of-limitations and savings-clause arguments in its reply brief, we do not consider them on appeal. Unless the appellant opens the briefing with all its arguments for reversal, the appellee has no opportunity to respond to those arguments in writing.[9]

Because we affirm the circuit court's dismissal with prejudice of Estate's complaint due to insufficient service and the expiration of the statute of limitations, we do not address the Estate's remaining arguments concerning whether identical actions were pending in two state courts or whether dismissal with prejudice was proper because of the prior nonsuited federal action.

---

[8]*See Parker v. Parker*, 97 Ark. App. 298, 248 S.W.3d 523 (2007).

[9]*See id.*

Affirmed.

VIRDEN and WOOD, JJ., agree.

*George Howard Jr. Legal Center, L.L.C.*, by: *Risie Howard*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Gary D. Marts, Jr.*, and *Scott D. Provencher*, for appellee.